RICHARD J. TORPEY *vs.* WILLIAM TEBO.

Worcester. September 30, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Bills and Notes. Evidence,* Extrinsic to vary writings. *Contract,* Consideration.

An instrument, which by its true construction is an unconditional order to pay a certain sum of money at a fixed future time to the payee or order, is a bill of exchange under R. L. c. 73, § 18.

In an action on a note payable absolutely, evidence is not admissible to prove an oral agreement that the maker of the note was not to pay it unless he received the amount of the note from another person.

If the drawee who has written his name on the back of a draft, on its presentation to him as acceptor for payment, asks for time, and by agreement with the holder gives his promissory note payable at a future day for the amount of the draft, the note is founded on a good consideration whether or not the maker previously was bound as acceptor of the draft.

CONTRACT on a promissory note for $250. Writ dated March 8, 1902.

In the Superior Court the case was tried before *Hardy,* J., without a jury. The judge found for the plaintiff; and the defendant alleged exceptions.

The draft upon the defendant, described in the opinion, was as follows: "$250.00. August 14, 1901. Mr. Wm. Tebo. Will please pay to R. J. Torpey or order two hundred and fifty dollars and charge to my account. Due Oct. 1. John Ryan."

The defendant wrote his name on the back of this instrument.

*M. M. Taylor,* for the defendant.

*A. M. Taft & J. B. Scott,* for the plaintiff.

LORING, J. This is an action on a negotiable promissory note for $250, payable to the plaintiff, dated October 31, 1901.

It appeared that the note sued on was given in payment or renewal of a prior note of like tenor, dated October 1, 1901, payable thirty days after date, and that that note was given in payment or renewal of the liability of the defendant by reason of his liability on a bill of exchange drawn on him by one Ryan. It also appeared that Ryan drew the bill of exchange in payment of groceries bought by him of the plaintiff, and that Ryan

was a subcontractor under the defendant, who was building a house for one Horan and money was coming to him as such subcontractor from Tebo. The defendant Tebo offered to show that his acceptance and both notes were given on the oral understanding that he was not to pay the $250 unless he received that amount from Horan, and that Horan never had paid him anything.

The defendant's argument is that the instrument drawn by Ryan on Tebo was an order and not a bill of exchange; that an acceptance of an order by the drawee's writing his name on it is not a written contract and for that reason that he could show what the true agreement made by word of mouth was and that no liability under it ever came into existence; and finally, that under these circumstances both notes were without consideration.

But the instrument drawn by Ryan on Tebo was a bill of exchange. The defendant has not stated why he assumes that this is an order and not a bill of exchange. We suppose it is because of the words " due Oct. 1." But we think that those words mean that the $250 in question is to be due October 1, that is to say, is to be paid October 1. So construed, the order was an unconditional order to pay a sum certain in money, at a fixed future time, to the payee or order. That instrument is a bill of exchange. R. L. c. 73, § 18.

It is not necessary to consider whether by writing his name on the back of the draft the defendant accepted it (as to which see *Young* v. *Glover*, 3 Jur. (N. S.) 637). If it be assumed that it was not accepted, the note of October 1 given by the drawee in payment of the draft when the draft was presented for payment at maturity was a written contract and evidence to contradict its terms was not admissible. *Tower* v. *Richardson*, 6 Allen, 351. *Wooley* v. *Cobb*, 165 Mass. 503.

On presentment of the draft for payment the plaintiff was entitled to have it honored or dishonored. If dishonored, he had a right of action against the drawer on giving him due notice of its dishonor. The defendant did not refuse payment, but offered to pay on time being given him, to which the plaintiff acceded, and this promise was put into the form of a promissory note. That note was founded on a valid consideration.

*Exceptions overruled.*