## NASSER E. HAMSY vs. KALIL MUDARRI.

Suffolk.    March 5, 1907. — May 15, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Evidence,* Relevancy and materiality, As to habits.

At the trial of an action for assault and battery the evidence offered by the plaintiff tended to establish an unprovoked assault upon him by the defendant and the plaintiff denied in cross-examination that at the time of the assault he was under the influence of intoxicating liquor or ever had drunk any in his life, and in this his testimony was corroborated. The defendant's evidence tended to establish that he did not assault the plaintiff but that the plaintiff's injuries resulted from his being intoxicated, and he offered evidence, which was excluded, tending to show that the plaintiff was and for a long time had been a drinking man and that he frequently was drunk. *Held,* that the evidence was excluded rightly.

TORT for an assault and battery. Writ in the Municipal Court of the City of Boston dated October 10, 1905.

There was a trial in the Superior Court before *Bond,* J. The plaintiff's evidence tended to establish an unprovoked assault and battery on the plaintiff by the defendant. On cross-examination he denied that he was under the influence of intoxicating liquor at the time of the assault, and denied that he had been drinking intoxicating liquor that morning, and further testified that he never drank intoxicating liquor in his life. Other witnesses called by the plaintiff testified that they never knew him to drink liquor, and never saw him under the influence of intoxicating liquor.

The defendant's evidence tended to establish that the plaintiff was intoxicated, accosted the defendant and, on the defendant's replying, made a move to strike him and fell, thereby receiving the injuries complained of. The defendant then offered evidence tending to show that the plaintiff was, and for a long time had been, a drinking man, and that he was frequently drunk, which was excluded, and to the exclusion of which the defendant excepted. There was a verdict for the plaintiff.

The case was submitted on briefs.

*J. P. Reynolds & C. W. Cushing,* for the defendant.
*A. L. Hatheway & J. A. McGeough,* for the plaintiff.

SHELDON, J.   The evidence offered by the defendant to show the plaintiff's habits of intoxication was properly excluded.   It had no tendency to show that the plaintiff was drunk at the time of the assault.   Nor was it competent to contradict the testimony of the plaintiff on cross-examination, or that given by the other witnesses apparently without objection, but whether on direct or cross-examination does not appear.   The case is governed by *Carr* v. *West End Street Railway*, 163 Mass. 360.

*Exceptions overruled.*