CRANE COMPANY *vs.* JOHN H. PENSION & another.

Essex.    March 27, 1916. — May 17, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Practice, Civil,* Exceptions. *Evidence,* Competency.

On an exception to the exclusion of a question to a witness the burden is on the excepting party to show that the answer to the question, as the judge understood the question and as he had a right to understand it, was competent.

In order to show that an assistant cashier in a shop made a certain pencil mark on a payment stamp on a bill to indicate that the acknowledgment of payment was cancelled as having been stamped on the bill by mistake, where such assistant cashier has failed to identify the pencil mark as having been made by her, it is not competent to show that she had made similar marks on other occasions, this having no tendency to show that she made the mark in question.

DE COURCY, J.    The principal defendant, John H. Pension, hereinafter referred to as the defendant, was indebted to the plaintiff company for plumbing supplies to the amount of $726.09 and on April 13, 1912, forwarded his check for $378.98 on account

of that bill. He testified that on April 15, 1912, he went to the plaintiff's place of business, paid the balance, $347.11, in cash to a young man who apparently was in charge of the office, and received from him a receipted bill. The plaintiff denied that it ever had received payment of this balance.

The defendant introduced in evidence a bill on which appeared a payment stamp of the plaintiff company. The assistant cashier of the company, Frances J. Mahoney, testified that this receipted stamp was "blanked out." She further testified as follows: "Q. What do you mean by saying it is blanked out? A. Why, put a line through it, — a mark to show it was cancelled. — Q. What line do you refer to? A. A lead pencil line. — Q. Written like an M? That is your writing, is it? A. Yes, to blank out the paid stamp. . . . — Q. Why did you put on the paid stamp? A. Why, I made a mistake, if I stamped it. Of course, I do not know that I have stamped it, but I have done it before. — Q. You have done it before? A. Yes, sir. — Q. That is, made mistakes before? A. Yes, I have. . . . — Q. Is there any way that you can tell definitely that this pencil mark was yours? A. No, there is not. — Q. The form of it — does that bring to your attention anything? A. I don't know what you mean. — Q. Well, is that the usual way? A. Yes. — Q. That you cross out a paid stamp when put on in error? A. Yes, sir."

Later one Slattery, the cashier of the plaintiff company, was called by it as a witness. After testifying that he now observed a pencil mark through the stamp on the receipted bill, he was asked, "Have you seen similar pencil marks on other statements, receipted in the same manner by Miss Mahoney?" On objection the trial judge * excluded this question. The only exception in the case is that taken by the plaintiff to this exclusion.

The burden is on the plaintiff, as excepting party, to show that this question was competent, and that it was prejudiced by the exclusion of the answer thereto. There was no offer of proof, but we assume that the witness would have answered "Yes." It is now argued by the plaintiff that this testimony was admissible to show that the "M" shaped pencil mark was a symbol which the assistant cashier was accustomed to use as a cancella-

---

* *Bell,* J. The jury found for the defendants; and the plaintiff alleged exceptions.

tion mark on occasions when she affixed the payment stamp by mistake. It is apparent from the record, however, that the judge understood that this evidence was being offered, not to show the meaning of the mark or symbol when admittedly made by Miss Mahoney, but to prove that this mark on the bill in question was in fact made by her. During the examination of Miss Mahoney herself she had failed to identify the paid stamp on said bill as one made by her. She had no recollection of having put it on, and nothing in its form enabled her to identify it as her own. She added that "if she did put it on she would also put her initials upon it." When counsel then attempted to show what her custom was on other occasions with reference to marking paid stamps, he said, "It is principally for the purpose of identifying her own mark, by other marks;" and the judge stated in substance that counsel could not prove that she did it in this instance by showing that she had done it on other occasions. When excluding the question in controversy, the judge remarked, "That is what I have already excluded."

In other words, in the absence of any offer of proof and statement as to the purpose for which the question was being asked, the judge understood and had a right to understand that its purpose was to show that similar pencil marks had been made on receipted bills by Miss Mahoney on other occasions, in order that the jury might infer therefrom that she had made the mark on the receipt in controversy. The evidence was not competent for that purpose. The fact that Miss Mahoney made similar marks on some other occasions had no tendency to prove that she made the mark in question. *Hamsy* v. *Mudarri,* 195 Mass. 418. *Commonwealth* v. *Rivet,* 205 Mass. 464. She already had testified that when she made such a pencil mark over a paid stamp, she did so to indicate a cancellation.

*Exceptions overruled.*

*G. M. Poland,* for the plaintiff.
*R. L. Sisk,* for the defendants.