BOSTON ELEVATED RAILWAY COMPANY *vs.* LOUISE M. LEIGHR.

Middlesex.   December 2, 1921. — June 26, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Judgment,* Petition to vacate.

A petition under G. L. c. 250, §§ 14–20, to vacate a judgment ordinarily is addressed to sound judicial discretion and a simple refusal to grant it commonly presents no question of law.

In an action against a street railway company and the driver of a team for personal injuries alleged in separate counts of the declaration to have been caused by the negligence of both defendants and by the negligence of each alone, there was a general verdict for the plaintiff and judgment was entered against each defendant. The street railway company filed a petition to vacate the judgment, which was denied, and the petitioner appealed. The record before this court showed that motions for a new trial, filed by each defendant in the original action, were denied but it disclosed no finding of fact nor ruling of law at that trial and exceptions there saved by the defendants were waived. As to the hearing of the petition to vacate the judgment, the only matter of record was that there was a hearing and as a result the proceeding was dismissed. *Held,* that the record did not disclose any abuse of discretion and that the dismissal of the petition must be affirmed.

PETITION, filed in the Superior Court, on January 10, 1921, for the vacation of a judgment entered against the petitioner in an action at law for personal injuries in which it and one Yeamans were defendants and the respondent in this petition was the plaintiff. The declaration in the action at law contained three counts, in the first of which the plaintiff alleged that her personal injuries were due to negligence of both the defendants; in

the second count she alleged that her injuries were due solely to the negligence of the defendant, the Boston Elevated Railway Company, and in the third count that her injuries were due solely to the negligence of Yeamans. A general verdict for the plaintiff in the sum of $3,000 was returned on March 17, 1920, and on January 3, 1921, judgment was entered for the plaintiff "against each of said defendants" in the sum of $3,142.80 as damages and $53.88 costs.

In the Superior Court the petition was heard by *Sisk*, J., and was dismissed; and the petitioner appealed.

*F. J. Carney*, for the petitioner.

*F. A. Crafts*, for the respondent.

RUGG, C.J. This is a petition to vacate a judgment entered in the Superior Court. G. L. c. 250, §§ 14–20. After a hearing the petition was dismissed and the petitioner appealed. Copies of the writ, pleadings, verdict and docket entries in the original case against the present petitioner and another defendant are printed as a part of this record. There is no finding of facts. There is no ruling of law. From the docket entries it appears that a motion for a new trial was filed by each defendant, both of which were overruled. Exceptions taken at the trial were waived.

There is nothing to indicate what took place before the judge on the hearing of the present motion. There is nothing to show what admissions or evidence were presented to him. The only matter of record is that there was a hearing and as a result the proceeding was dismissed. The record fails to disclose what instructions were given to the jury at the main trial, or what occurred at that trial in other respects affecting the questions here argued at the bar. *Richmond* v. *Whittlesey*, 2 Allen, 230. *Morrin* v. *Manning*, 205 Mass. 205. *Holt* v. *Roberts*, 175 Mass. 558.

This case falls within the general rule that a petition to vacate a judgment ordinarily is addressed to sound judicial discretion, and the simple refusal to grant it commonly presents no question of law. This record does not disclose abuse of discretion. *Ryan* v. *Hickey*, 240 Mass. 46, and cases there collected.

*Order dismissing petition affirmed.*