Commonwealth *vs.* Fred W. Knight & others.

Suffolk.    October 19, 1926. — November 22, 1926.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Conspiracy. Larceny. Evidence,* Relevancy and materiality. *Witness,* Cross-examination. *Practice, Criminal,* Discretionary control of evidence by trial judge.

After a verdict of guilty on an indictment charging three defendants in several counts with conspiracy to steal by means of false representations as to the financial standing of a "housing trust" of which they were trustees, the defendants alleged exceptions in a bill which did not purport to include all the material evidence at the trial, but included, in numbered paragraphs, exceptions to rulings admitting and excluding evidence.    This court *held,* that

(1) Upon testimony by a police officer that he visited the defendant's office and saw the defendants and that, in the course of a conversation with one of the defendants, that defendant had given him a "questionnaire" and had stated that the questionnaire would explain "the business of the trust," the questionnaire properly was admitted in evidence;

(2) A conversation of one of the defendants with a person alleged to have been defrauded was not inadmissible merely because it occurred after the witness had parted with his funds;

(3) After one of the defrauded persons, a witness for the Commonwealth, had been asked in redirect examination if there had been any talk between him and any one of the defendants with reference to the matter which was the basis of the alleged fraud upon him, and had made no answer, it was not error to permit him to be asked, "Who was it with?" and to answer in substance that it was with two of the defendants, naming them;

(4) The bill did not show that it was error to permit a witness for the Commonwealth to state that a mortgage given to the defendants was not to "be used for anything outside of my property";

(5) Exceptions to the allowance of leading questions put to witnesses for the Commonwealth in direct examination were overruled since the record disclosed no abuse of discretion on the part of the trial judge;

(6) An exception to the admission of a conversation of one of the defendants on the ground that the time of the conversation was not fixed was overruled, where it appeared that the witness stated that the conversation took place about the time of his first payment;

(7) An exception to the admission of evidence which the trial judge stated was admitted on condition that its materiality later would be shown was overruled because it did not appear that the defendant subsequently moved that such evidence be struck out;

(8) An exception to the admission of certain evidence as immaterial was overruled because it was not stated in the bill of exceptions that all the material evidence bearing on the issue to which the evidence objected to related was set out;

(9) Exceptions to the admission of certain evidence on the ground that it was immaterial were overruled because the record did not show that its admission was prejudicial to the defendant;

(10) Exceptions to the extent and scope of cross-examination of the defendants were overruled, no abuse of discretion on the part of the trial judge being shown;

(11) A letter properly was admitted to show at what time a witness actually had notice of the foreclosure of a mortgage;

(12) The admission, in reply to a question of a defendant whether he had bought land and mortgaged it "back in full to the vendor," of his answer, "I have done it hundreds of times," was not objectionable on the ground that the answer was not the best evidence;

(13) The order of the introduction of the evidence was within the discretion of the trial judge.

INDICTMENT, found and returned on February 11, 1924, charging a conspiracy to steal.

A bill of particulars filed by the Commonwealth in substance stated that the conspiracies charged in the various counts of the indictment were entered into by the defendants, who were the trustees of the United States Housing Trust, for the purpose of obtaining the money, property, goods and chattels of the complainants "by false representations, oral and written, as to the operations, assets, and financial standing of the United States Housing Trust and its trustees."

In the Superior Court, the indictment was tried before *Sisk,* J. The record set forth, by number only, evidence, the admission or exclusion of which was excepted to by the defendants. It did not purport to contain all the evidence or a summary of it, nor any further description of the evidence by which the Commonwealth proved the charges set out in the indictment and the bill of particulars. The defendants were found guilty and alleged exceptions.

*J. W. Vaughan,* for the defendants.

*J. J. Leonard,* Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendants, Knight, Membrino and Oakman were found guilty of conspiracy to steal upon several counts of an indictment numbered 2152. On indict-

ments numbered 2150, 2153, 2154, 2155, 2156 and 2157, verdicts of not guilty were returned by order of the trial judge. The motion of the defendants for a bill of particulars was complied with.

The defendants' first exception relates to the testimony of Police Inspector Towle. He testified that he visited the defendants' office and saw the defendants; that in the course of a conversation with the defendant Oakman, the latter gave him a "questionnaire" (Exhibit 2), and that he was told by Oakman that the questionnaire would explain "the business and purposes of the trust." The exhibit was then offered, the defendants excepting on the ground that there was no evidence that Towle was defrauded. The evidence was competent. The jury could have found that the so called questionnaire was made use of by the defendants as a part of the fraudulent and unlawful scheme in which it was alleged the defendants were engaged. *Commonwealth* v. *Riches*, 219 Mass. 433, 439.

The next exception is to the testimony of one Diettrich, a customer of the defendants, who testified to a conversation with Oakman which took place after Diettrich had paid the money called for by his contract. It had reference to a house to be built for him by the defendants, Diettrich saying, "I am going to put my coal in," and Oakman replying, "Your house will be all done, don't put your coal in, you will have to move it." Diettrich testified: "He convinced me he was going to build the house by October, by November at the latest." The defendant contends that the bill of particulars alleges a conspiracy to commit larceny by false representations, and that therefore statements made after money had been paid would be "no part of the conspiracy to commit larceny by means of the false pretenses." It is difficult to see how the defendants were in any way prejudiced by this evidence; but, assuming they were prejudiced, the evidence could not be excluded because it had reference to what took place after the witness had parted with his funds. The admissions of the defendants at that time might tend to prove the conspiracy alleged in the indictment.

Exceptions 37 and 38 are overruled. What has already been said concerning exception 1 applies to these exceptions.

A witness for the Commonwealth was asked in redirect examination if there had been any talk between him and any one of the defendants with reference to a mortgage. There was no answer to this question. The witness was then asked, "Who was it with?" He replied, "Mr. Oakman and Mr. Knight." To this evidence the defendants excepted. There is no merit in this exception. The fact that the witness talked with the defendants was admissible.

Exception 5 concerns testimony of a witness who was allowed to state that a mortgage given to the defendants was not to "be used for anything outside of my property." The question did not call for the contents of a certain instrument. The evidence was admissible, and the same reason applies to exception number 6.

Many of the exceptions were to the allowance of questions which the defendants contend were leading. There is nothing in the record to show an abuse of discretion by the trial judge in allowing the Commonwealth to put leading questions to its own witnesses. *Commonwealth* v. *Campopiano*, 254 Mass. 560. *Commonwealth* v. *Carver*, 224 Mass. 42, 45. *Moody* v. *Rowell*, 17 Pick. 490, 498.

As we understand the eleventh exception, the defendants excepted to a certain conversation of a witness with one of the defendants, on the ground that the time of the conversation was not fixed. The witness stated that the conversation took place in the month of January, about the time of the first payment. This fixed the time with sufficient definiteness to overcome the objection of the defendants.

Another exception is to the testimony of a witness who stated he had paid a certain sum to the holders of a construction mortgage. On this record we cannot say that this evidence was incompetent. A witness testified that he had paid $200 to the receiver of the "Housing Trust." In admitting this evidence the judge stated, "I will let it stand. I cannot see its bearing at this moment." The trial judge could admit evidence on condition that its materiality would later be shown. *Clarke* v. *Fall River*, 219

Mass. 580, 586. The record does not show that the defendants subsequently made a motion to strike out this evidence. *Commonwealth* v. *Sacco,* 255 Mass. 369, 407. In addition, the bill of exceptions does not disclose that this testimony was incompetent, and the material evidence bearing on the question does not seem to be reported.

The record does not purport to set out all the material evidence bearing on the fifteenth and sixteenth exceptions, and it cannot be said that the testimony excepted to was irrelevant. If it was competent in any aspect of the case, it was properly admitted. *Boston Food Products Co.* v. *Wilson & Co.* 245 Mass. 550, 562.

The testimony of Carleton J. Randall relating to a conversation with the defendant Oakman, in which he stated he owned certain land and "later he told me that they controlled it," was excepted to by the defendants. There is nothing in this evidence to show that the defendants were prejudiced by its admission, even if it be assumed that it was immaterial, which we do not intimate. This remark also applies to exception numbered 31.

The defendants are not harmed by the evidence of the witness Schuh. Some of the exceptions concern the cross-examination of the defendants. In the scope and extent of cross-examination, much must be left to the sound discretion of the presiding judge. There was no abuse of this discretion. *Commonwealth* v. *Kaplan,* 238 Mass. 250, 255, 256.

There was no error in admitting the testimony of the foreclosure of the mortgage. The Commonwealth desired to show at what time the witness had actual notice of the foreclosure, and on this point the letter was competent.

The defendant Oakman was asked if he had bought land and mortgaged it "back in full to the vendor." He replied, "I have done it hundreds of times." The defendants excepted to this because it is not the best evidence. There is no merit in this exception. It was not necessary for the Commonwealth to produce the original mortgage showing the transactions referred to.

The order of the introduction of the evidence was within

the discretion of the court. *Commonwealth* v. *Kennedy*, 170 Mass. 18, 25.

We have examined all of the defendants' exceptions; they must be overruled. There was no error in the manner of conducting the trial.

*Exceptions overruled.*