COMMONWEALTH *vs.* LOIS DALE.

SAME *vs.* MYRA DUNN.

SAME *vs.* LOIS DALE.

Franklin. September 19, 1928. — October 8, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Witness,* Cross-examination. *Evidence,* Competency, Relevancy and materiality, In rebuttal. *Intoxicating Liquor.*

At the trial of a complaint charging the defendant, a woman, with being drunk from the voluntary use of intoxicating liquor, the defendant's mother testified for the defendant that the defendant had never taken a drop of liquor in her life; and the defendant later testified that she was not a drinking woman and had not been under the influence of liquor at the time alleged. The district attorney thereupon was allowed to ask the defendant on cross-examination whether she took a drink now and then. The defendant answered in the affirmative. *Held,* that

(1) The question by the district attorney was competent to test the meaning and accuracy of the defendant's testimony that she was not a drinking woman;

(2) The extent of the cross-examination of the defendant as to her drinking habits rested in the discretion of the trial judge;

(3) The question by the district attorney was admissible in the discretion of the trial judge to contradict the testimony of the defendant's mother, which was material since the Commonwealth had the burden of proving not only that the defendant was drunk, but that she was in that condition from the voluntary use of intoxicating liquor.

In the absence of a request by the defendant to limit the effect of her testimony above described to the purposes for which it was competent, no error appeared in the failure of the trial judge to instruct the jury concerning its effect.

Witnesses called by the Commonwealth at the trial of the complaint above described testified that the defendant was intoxicated for a certain period on the day in question. Witnesses for the defendant contradicted such testimony and also testified that the defendant was not intoxicated at a later period on the same day. Evidence offered by the district attorney in rebuttal was admitted to contradict the testimony of the defendant's witnesses as to the later period. *Held*, that such evidence properly was admitted.

THREE COMPLAINTS, the first two received and sworn to in the District Court of Franklin on July 19, 1927, and the third on July 26, 1927, the first and second each charging the defendant with being drunk on July 18, 1927, from the voluntary use of intoxicating liquor; and the third charging the defendant with operating a motor vehicle upon a way on that day while under the influence of intoxicating liquor.

On appeal to the Superior Court, the complaints were tried together before *Irwin*, J. Evidence admitted subject to the defendants' exceptions is stated in the opinion. The question asked by the district attorney of the defendant Dale was, "You take a drink now and then?" to which the defendant answered "I have." The defendants were found guilty on each complaint and alleged exceptions.

*C. W. Bosworth*, for the defendants.

*C. Fairhurst*, District Attorney, for the Commonwealth.

SANDERSON, J. The defendants on separate complaints were convicted of being drunk by the voluntary use of intoxicating liquor, and the defendant Dale was also convicted of operating a motor vehicle while under the influence of intoxicating liquor.

The mother of the defendant Dale testified without objection, in reply to a question by the district attorney, that her daughter had never taken a drop of liquor in her life. The defendant Dale thereafter took the stand and testified in

cross-examination that she was not a drinking woman, and then, subject to the defendant's exception, in answer to a question by the district attorney, stated that she had taken a drink now and then. The inquiry was competent to test the accuracy and meaning of the defendant's testimony that she was not a drinking woman. The extent to which the defendant, who had testified that she was not under the influence of liquor, might be cross-examined as to her drinking habits rested largely in the discretion of the court. *Commonwealth* v. *Corcoran,* 252 Mass. 465, 486. *Commonwealth* v. *Sacco,* 255 Mass. 369, 441. *Commonwealth* v. *Knight,* 257 Mass. 421, 425.

The evidence was also admissible in the discretion of the judge to contradict the testimony of the defendant's mother, brought out in cross-examination, even if that testimony were immaterial. *Commonwealth* v. *Russ,* 232 Mass. 58, 81. *Commonwealth* v. *Mercier,* 257 Mass. 353, 374. See also *Commonwealth* v. *Wakelin,* 230 Mass. 567, 576. But the testimony of the defendant's mother was not immaterial. It tended to support the defendant's denial that she was guilty of the offence charged. *Commonwealth* v. *Goodnow,* 154 Mass. 487, 488. *Riddell* v. *Thayer,* 127 Mass. 487, 489. The Commonwealth had the burden of proving not only that the defendant was drunk, but also that this condition was caused by the voluntary use of intoxicating liquor. *Commonwealth* v. *Coughlin,* 123 Mass. 436. *Commonwealth* v. *Hughes,* 133 Mass. 496, 498. The fact that the defendant sometimes drank liquor was a competent circumstance for the jury to consider on the question whether her drunkenness, if proved, was caused by intoxicating liquor voluntarily taken. The testimony of Mrs. Dale, if believed, was a complete defence to the crime charged. The ruling admitting the testimony of the defendant was right. No request was made to limit the effect of the testimony to the purposes for which it was competent, and the defendant cannot now complain because of the failure of the judge to instruct the jury concerning it. *Commonwealth* v. *Feci,* 235 Mass. 562, 568. The case of *Hamsy* v. *Mudarri,* 195 Mass. 418, is distinguishable in its facts from the case at bar.

The testimony offered by the witnesses called by the Commonwealth tended to prove the intoxicated condition of the defendants for about two hours before 11:40 P.M. on the day in question.   The witnesses called in defence testified that the defendants were not under the influence of liquor during that time and also were not under the influence of liquor when seen at the police station at a period shortly after the time covered by the testimony of witnesses previously called by the Commonwealth.   The district attorney was properly allowed in the discretion of the judge to introduce evidence in rebuttal to meet the testimony of the defendants covering this later period.   *Cushing* v. *Billings,* 2 Cush. 158, 160.

<div align="right">

*Exceptions overruled.*