THE NATIONAL BANK OF CHARLOTTESVILLE *vs.* CAMBRIDGE
SALVAGE SUPPLY CO. INC.

Middlesex. December 4, 1929, January 27, 1930. — January 29, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes*, Trade acceptance, Holder in due course. *Evidence*,
Extrinsic affecting writing. *Practice, Civil*, Requests, rulings and
instructions, Charge to jury, Exceptions.

At the trial of an action upon a trade acceptance payable to the drawer
or order, accepted by the defendant and discounted by the plaintiff,
it was proper to exclude evidence, offered by the defendant, that, in a
conversation which took place, at the time the defendant accepted the
draft, between a representative of the defendant, a representative of
the drawer and a representative of the plaintiff, the drawer's repre-
sentative told the plaintiff's representative that he was desirous of
having the defendant accept a trade acceptance in a certain amount;
that the defendant's representative refused such acceptance un-
less he had the assurance and guaranty of the plaintiff that, if the
merchandise for which the trade acceptance was given was not shipped,
he would not be required by the plaintiff to pay the trade acceptance;
that the plaintiff's representative then asked the drawer's representative
if he would promise to ship the goods before the trade acceptance
became due, that the drawer's representative replied that he would;
that the plaintiff's representative then turned to the defendant's
representative and said that, if the drawer's representative "promises
us that he will ship the goods, you may sign this trade acceptance,
and if he does not, you will not be required to pay"; that thereupon
the defendant's representative signed the acceptance and said: "I
am signing this with the understanding that you are to discount it,
and if the merchandise is not shipped, I will not be required to pay
it"; and that the plaintiff's representative assented thereto: there
was nothing in the offer of proof to show that the trade acceptance
was delivered conditionally, and the exclusion of the evidence there-
fore followed the rule that a party to a negotiable instrument which
is payable absolutely cannot show by parol that the obligation to pay
was in fact conditional.

There was nothing in the offer of proof above described which tended to
show that the plaintiff was not a holder in due course within the mean-
ing of G. L. c. 107, § 75, cl. 4.

Where a bill of exceptions saved by the defendant at a trial in the Superior
Court states that the judge refused to give certain requests by the de-
fendant for rulings "except so far as they were given in the charge,"
and the charge, except as to a single "excerpt," is not set out in the

bill, this court must assume that the requests in substance were given in so far as they were correct propositions of law applicable to the facts which the jury could find under the instructions of the judge.

In the circumstances above described, the defendant did not sustain the burden, which was his, of showing prejudicial error, and exceptions by him to the refusal of such requests for rulings must be overruled.

It appearing at the trial above described that the trade acceptance was made by the drawer, was accepted by the defendant, was discounted by the plaintiff and was not paid by either the defendant or the drawer, it was proper to refuse to order a verdict for the defendant.

CONTRACT upon three trade acceptances described in the opinion. Writ in the District Court of Somerville dated September 19, 1927.

On removal to the Superior Court, the action was tried before *Keating*, J. Material evidence and exceptions saved by the defendant are stated in the opinion. The "excerpt" from the judge's charge, referred to in the opinion, was as follows:

"Now, if you believe the testimony of the president and find that his bank, the plaintiff bank, was a holder in due course of the trade acceptances, and that the Cambridge Company became the acceptors of those trade acceptances, and if you find that they have not been paid — and I understand counsel for the defendant to admit that they were not paid — then the plaintiff is entitled to recover the amount of the three acceptances with interest and with protest fees. The protest fees amount to $6.12; the interest on the three acceptances amounts to $258.75; and the amount of the three acceptances is $2,500; so that adding the principal sum of $2,500 to the interest and the protest fees you get $2,764.87, and that will be the sum for which you will return a verdict for the plaintiff, if you find the plaintiff is entitled to recover.

"If you find the plaintiff is not entitled to recover, then you will return a verdict for the defendant.

"You will bear in mind the sum, $2,764.87; and if you believe the testimony of the president of the bank and find the facts in accordance with what I have already said to you, then you will return a verdict for the plaintiff in the sum of $2,764.87. If you disbelieve the president of the bank and

do not find that the plaintiff was a holder in due course and entitled to recover this sum of money, you will return a verdict for the defendant."

With respect to the above quoted part of the charge, the defendant's counsel saved an exception in the following language: "I take exception to that part of the charge which says that the jury must either bring in a verdict for the full amount, interest and protest fees, and the court's refusal to rule that the jury might bring in a verdict for the defendant on each of the trade acceptances."

The defendant made eight requests for rulings. The bill of exceptions states: "The court refused to give the defendant's requests except so far as they were given in the charge, and the defendant excepted."

There was a verdict for the plaintiff in the sum of $2,764.87. The defendant alleged exceptions.

*A. Seserman*, for the defendant.

*W. S. Patterson*, for the plaintiff.

PIERCE, J. This is an action of contract brought by the plaintiff, as indorsee, against the defendant, as acceptor, of three bills of exchange in the form of trade acceptances. At the trial "It was not disputed that the defendant accepted the three trade acceptances." The exceptions relate to the exclusion of certain evidence offered by the defendant, to a part of the judge's charge, and to the disposition by the judge of certain requests for rulings. All the evidence material to the issue raised by the refusal to receive evidence is contained in the bill of exceptions. The bill sets out only the part of the charge to which exception was taken. The jury found for the plaintiff.

The acceptances were drawn on the defendant by the Albemarle Soapstone Corporation and were made payable to the drawer or order. After acceptance by the defendant, they were discounted by the plaintiff, which claims as a holder in due course. At the trial the defendant offered evidence of a conversation that took place at the time of the acceptance of the draft between Samuel Freedman, president of the defendant corporation, Albert P. Bolling, president of the Albemarle Soapstone Corporation and one

Minor, vice-president of the plaintiff, and thereby sought to prove that Bolling then told Minor that he was desirous of having the "Cambridge Salvage & Supply Co." accept a trade acceptance in the sum of $1,500; that "Freedman had refused to give him this unless he had the assurance and guaranty of the bank that if the merchandise for which a trade acceptance was given was not shipped, he would not be required by the plaintiff bank to pay the trade acceptance;" that Minor then asked Bolling if he would promise him to ship the goods before the trade acceptance became due, and that Bolling replied that he would; that Minor then turned to Freedman and said: "If Mr. Bolling promises us that he will ship the goods, you may sign this trade acceptance, and if he does not, you will not be required to pay"; that thereupon Freedman signed the acceptance and said: "I am signing this with the understanding that you are to discount it, and if the merchandise is not shipped, I will not be required to pay it"; and that Minor assented thereto. The evidence as to the conversation which Freedman alleged he had with Minor was excluded by the judge and the defendant excepted.

The evidence was excluded rightly. It was not offered to prove that the acceptances were delivered conditionally. There is nothing in the offer of proof which would warrant a finding that the bills of exchange were not to be operative and negotiable contracts until the delivery of the goods for which the drafts were drawn. Indeed, the declaration of Freedman to the vice-president, Minor, "I am signing this with the understanding that you are to discount it, and if the merchandise is not shipped, I will not be required to pay it," is conclusive that Freedman knew that the plaintiff intended to discount the drafts and thus acquire the right further to negotiate them. *Watkins* v. *Bowers*, 119 Mass. 383. *Hill* v. *Hall*, 191 Mass. 253, 265. The proffered testimony was inadmissible to prove that the defendant's obligation, which in law arose at the time of the acceptance of the drafts, ceased at the time the drafts were payable if at that time the merchandise for which the trade acceptance was given was not shipped. The exclu-

sion of the evidence followed the rule that a party to a negotiable instrument which is payable absolutely cannot show by parol that the obligation was in fact conditional. *Torpey* v. *Tebo,* 184 Mass. 307. *Zielmann* v. *Copelof,* 232 Mass. 393. *Liberty Trust Co.* v. *Price,* 259 Mass. 596, 602. There was nothing in the offer of proof which tended to show that the plaintiff was not a holder in due course within the meaning of G. L. c. 107, § 75, cl. 4.

None of the exceptions of the defendant to the exclusion of evidence is specifically or inferentially argued in the defendant's brief, other than such of them as are above considered. The requests for rulings were refused except so far as given in the charge. The burden is upon the defendant to show prejudicial error. *Crane Co.* v. *Pension,* 224 Mass. 135. *Farnum* v. *Ramsey,* 231 Mass. 286. The charge, except as to a single "excerpt," is not set out in the bill of exceptions. Without knowledge of the context of the charge, we assume that the requests for rulings in substance were given in so far as they were correct propositions of law applicable to the facts which the jury could find under the instructions of the judge. The request that upon the evidence the jury must find for the defendant was denied rightly. *Patton* v. *DeViney,* 259 Mass. 100. *Bray* v. *Hickman,* 263 Mass. 409. We find no error in the part of the charge which is printed in the bill of exceptions as an "excerpt."

*Exceptions overruled.*