The Waltham Bleachery and Dye Works *vs.* Clark-Rice Corporation.

Same *vs.* Same.

Suffolk.    November 3, 1930. — February 24, 1931.

Present: Rugg, C.J., Pierce, Wait, Sanderson, & Field, JJ.

*Practice, Civil,* Vacation of judgment, Amendment, Report, Appeal. *Res Judicata.*

At the trial together of cross actions for breach of a contract between a corporation and a bleachery, the bleachery, in its answer in the action by the corporation, relied upon substantially the same matter as that upon which it relied as the basis of its action against the corporation. The bleachery rested at the close of the plaintiff's evidence in the action by the corporation, in which there was a verdict for the plaintiff. The trial judge ordered a verdict for the defendant in the action by the bleachery. Exceptions by the bleachery were overruled in the first action and sustained in the second. Judgment thereafter was entered for the corporation in the first action. The corporation then filed a motion to amend its answer in the second action by setting up that the judgment in its favor rendered the bleachery's cause of action *res judicata.* The judge who heard the motion stated that the bleachery ought to be in as good a position at the second trial of the second action as it would have been if that action had been submitted to the jury at the first trial, ruled that the corporation was not entitled to set up the defence of *res judicata,* denied the motion and reported his action to this court. The bleachery filed a petition to vacate the judgment in favor of the corporation, which was heard by another judge and denied. *Held,* that

(1) No abuse of discretion appeared in the denial of the petition to vacate the judgment;

(2) The denial of the motion to amend did not appear to have been in the exercise of discretion by the judge who heard it: such exercise could not have been reported to this court;

(3) The statement by the judge imported that he ruled that the corporation was not entitled as of right to amend its answer;

(4) In the circumstances, no error of law appeared in the denial of the motion to amend.

The denial of a petition to vacate a judgment properly should be brought before this court by a bill of exceptions and not by an appeal.

Petition, filed in the Superior Court on January 14, 1930, for vacation of a judgment for the plaintiff in an

action by the respondent against the petitioner, which had been tried with the action described below, exceptions by the petitioner, the defendant therein, having been overruled in a decision reported in 267 Mass. 402. The circumstances of the petition are described in the opinion. It was heard by *Walsh*, J., and was denied. The petitioner alleged exceptions and also appealed.

Also an action of

CONTRACT. Writ dated April 23, 1927.

The action was tried in the Superior Court before *Walsh*, J. The judge ordered a verdict for the defendant. The plaintiff's exceptions were sustained in the decision reported in 267 Mass. 402. A motion by the defendant to amend its answer is described in the opinion. It was heard and denied by *F. T. Hammond*, J., who reported his action thereon for determination by this court.

*J. W. Allen*, (*E. H. Abbot* with him,) for the defendant, respondent.

*A. M. Beale*, for the plaintiff, petitioner.

RUGG, C.J. The first of these cases is a petition to vacate a judgment entered in favor of the Clark-Rice Corporation (hereafter called the corporation), in an action in which it was the plaintiff, against The Waltham Bleachery and Dye Works (hereafter called the bleachery) as defendant. That judgment was entered pursuant to rescript after exceptions of the bleachery had been overruled. That case is reported in 267 Mass. 402. It there appears that an action of contract against the bleachery was brought to recover a balance alleged to be due on a contract between the parties, that the bleachery pleaded in its answer among other defences wilful breach and termination of the contract by the corporation, but rested at the close of the plaintiff's evidence and excepted to the refusal to direct a verdict in its favor. The bleachery brought a cross action against the corporation seeking to recover damages for alleged breach of the same contract by the corporation. In substance, its cause of action was the same as the defence set up in its answer to the action by the corporation against it. The cases were tried to-

gether to a jury and resulted in a verdict in favor of the corporation in the action in which it was plaintiff, and in a directed verdict in its favor in the cross action in which the bleachery was plaintiff. On review of both cases on exceptions, it was determined that there was no error of law in the case in which the corporation was plaintiff, but exceptions were sustained in the cross action in which the bleachery was plaintiff. 267 Mass. 402.

### First Case.

The decision whether a petition to vacate a judgment ought to be granted commonly rests in sound judicial discretion. The case at bar presents no exception to the general rule in that respect. There was a full trial which has been determined to have been conducted without error in law. There is no reason to doubt the soundness of the decision of the trial judge in denying this petition. *Ryan* v. *Hickey*, 240 Mass. 46–47. *Boston Elevated Railway* v. *Leighr*, 241 Mass. 582. *Maker* v. *Bouthier*, 242 Mass. 20. *Mellet* v. *Swan*, 269 Mass. 173. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43.

This case is properly before us on a bill of exceptions. The appeal was improvidently taken. This is not a case in which appeal lies. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.

*Exceptions overruled.*
*Appeal dismissed.*

### Second Case.

The second case comes before us on report. It is the action of the bleachery against the corporation already referred to, wherein the bleachery seeks to recover damages for alleged breach by the corporation of the contract between the parties. After the exceptions of the bleachery to the direction of a verdict in favor of the corporation had been sustained and the case came on for trial a second time, the corporation moved to amend its answer by setting up the fact that it had brought action against the bleachery

on the same contract as that upon which the bleachery relies in the present case, that in that case the bleachery had set up by way of answer the same matters pleaded in its declaration in the present action, and that the judgment entered in favor of the corporation in that case was a bar to the present action. The facts relative to the trial of the two actions, as shown by the report in 267 Mass. 402, were before the trial judge. The motion to amend the answer was denied after a ruling that the corporation was not entitled in the case at bar to set up the defence of *res judicata* by the judgment in its action against the bleachery. The correctness of that ruling and denial was reported for our determination. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 212 Mass. 257, 259–260.

The general principle is settled that commonly a motion to amend the answer in an action at law is addressed solely to sound judicial discretion, the exercise of which will not be reviewed. *Smith* v. *Whiting,* 100 Mass. 122. *Friedenwald Co.* v. *Warren,* 195 Mass. 432–433. *Aronson* v. *Nurenberg,* 218 Mass. 376. *Banca Italiana Di Sconto* v. *Columbia Counter Co.* 252 Mass. 552, 562. The trial judge did not undertake to base his decision concerning the motion to amend the answer on the exercise of his discretion. Exercise of judicial discretion could not be reported to this court. *Boucher* v. *Salem Rebuilding Commission,* 225 Mass. 18. His statement touching the matter is in these words: "I was of opinion that the bleachery ought to be in as good a position at the second trial of its case against the corporation, so far, at least, as the issues to be tried in that case were concerned, as it would have been if the case had been submitted to the jury upon the previous occasion when the two cases were tried together, and therefore I made an order denying the motion to amend the answer to the corporation, ruling that the corporation was not entitled to set up in this case the defense of *res adjudicata* by the judgment entered in its favor in the other." The statement of the

trial judge expresses excellent reasons for the exercise of judicial discretion against the allowance of the amendment. The statement of the matter reported is interpreted to mean that the motion was denied in the exercise of every power thereto enabling the trial judge, except that in reaching that conclusion he made the ruling that the corporation could not demand as of right the allowance of the amendment. The denial of the motion stands unless vitiated by error in that ruling of law. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. It would have been vain to make the report on any other footing.

In appropriate cases it is within the power of the court to allow amendment to the answer in order to enable a defendant at a late stage to set up the defence of *res judicata* coming into existence since the trial. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 164, 203, 204, 205. But a defendant cannot demand as of right the allowance of such amendment. Doubtless discretion might wisely be exercised in favor of such an amendment in many instances, as it was in the case just cited. The circumstances of the case at bar are peculiar. The action and the cross action were naturally to be tried together in the same court. See *Lumiansky* v. *Tessier,* 213 Mass. 182, 188–189. The bleachery justly might expect that its cross action would be tried with the action of the corporation against it on the basis of freedom from error of law, or of the same error of law affecting both trials. That just expectation was disappointed. The action of the corporation against it resulted in a verdict adverse to it untainted by error of law, while the verdict directed against the bleachery in its cross action was set aside for error of law. By this unexpected event it has come about that the action in which the corporation was plaintiff has gone to judgment and is thus available as the basis of *res judicata,* while the cross action of the bleachery is still pending. It does not appear why the bleachery did not try its entire case against the corporation on its answer to the action in which the corporation was plaintiff. It may well be that

no fault is imputable to it in this particular and therefore that assumption may be made in its favor. If the corporation is permitted to amend its answer, apparently its defence will be complete. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 46, 49. If this result can be brought about, it would have been futile to have sustained the exceptions of the bleachery in 267 Mass. 402, 416. It is only by denying the motion of the corporation to amend its answer that the bleachery can reap any benefit from the decision sustaining its exceptions.

The result is that there was no error of law in the action of the trial judge in the matters reported.

> *Order denying motion to amend*
> *answer affirmed.*