STONEHAM TRUST COMPANY *vs.* SAMUEL J. ARONSON.

Suffolk.     October 7, 1936. — December 2, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil*, Amendment.

No abuse of discretion appeared in the denial, by a judge of the Superior Court, of a motion to amend the defendant's answer in an action which was before him in the pre-trial session established in 1935 by special order of the Superior Court, where the record before this court showed merely that, upon presentation of the motion, the judge stated that, if the defendant waived his right to trial by jury, the motion would be allowed but that, if the defendant stood upon his right to trial by jury, the motion would be heard on its merits, and that after hearing the motion was denied.

CONTRACT. Writ in the Municipal Court of the City of Boston dated December 28, 1934.

After removal to the Superior Court, the action on November 6, 1935, came before *Gray*, J., in the pre-trial session established by special order of the court, where a motion by the defendant to amend his answer was denied. The defendant alleged exceptions.

The special order included the following: "At the pretrial call the presiding justice will consider with counsel — (1) whether the pleadings are in proper shape; (2) whether the case is then ready for trial; (3) whether the issues of the case may be simplified for trial, including also whether agreements may be made to avoid the bringing to court of unnecessary witnesses, whether the number of expert witnesses may be limited, and other similar preliminary matters; (4) whether the case may be settled with or without the aid of the presiding justice. If there is reasonable likelihood that the parties may arrange a settlement, the case, with the permission of the court, may stand over to a later pre-trial call instead of passing immediately to the short list for trial."

The case was submitted on briefs.

*Q. I. Abrams & W. C. Maguire,* for the defendant.

*J. J. McDonald & L. Hill,* for the plaintiff.

RUGG, C.J. This action of contract on a promissory note was commenced by writ issuing out of a district court, dated December 28, 1934, and returnable on January 5, 1935. It was removed to the Superior Court on claim for jury trial and affidavit. G. L. (Ter. Ed.) c. 231, § 104. *Thayer* v. *Shorey,* 287 Mass. 76, 80. *Universal Supply Co.* v. *Hildreth,* 287 Mass. 538, 541. Answer was filed containing a general denial, denial of signature and demand of proof of its genuineness, and allegations of payment and want of consideration. The plaintiff filed a motion for immediate judgment and an affidavit of no defence. G. L. (Ter. Ed.) c. 231, § 59B. *Norwood Morris Plan Co.* v. *McCarthy,* 295 Mass. 597. Just prior to a hearing on a pre-trial list, the defendant asked to be allowed to file a substitute answer. That answer set forth in substance a general denial and averments that "he executed and delivered the note sued upon together with Argentine Treasury Notes in the face amount of ninety-six hundred ($9600.) dollars as collateral security for the payment of said note; that at the time of said execution and delivery both of the promissory note and said Argentine notes, a distinct and independent collateral agreement was entered into that the

plaintiff would not bring suit on said note until the Federal Trade Commission certified the issue of said Argentine Treasury Notes since said notes had no ready market prior to said certification and it was further understood and agreed that prior to the time of said certification the plaintiff would each month accept and credit to the aforesaid promissory note payments received on said Argentine notes. Said promissory note was executed and delivered only upon the aforesaid understanding and agreement and constituted consideration for the delivery and execution of said note. Subsequent to said time the plaintiff in pursuance of said agreement each month as partial payment on said note accepted the moneys received monthly with respect to said Argentine notes. Said notes have not yet been certified by the Federal. Trade Commission but the plaintiff in breach of the aforesaid agreement has brought suit upon said note." It was averred also in the substitute answer that this original collateral agreement subsequently was ratified and confirmed orally by the plaintiff. The plaintiff objected to the filing of this substitute answer. The pre-trial judge stated that, if the defendant waived his right to trial by jury, the motion to file the substitute answer would be allowed, and that, if the defendant stood upon his right to trial by jury, the motion would be heard. The defendant refused to waive such right and, after hearing, leave to file the substitute answer was denied. To this denial the defendant excepted. That exception is the single question presented on this record. Subsequently, the case was tried before a jury and a verdict returned in favor of the plaintiff. Now the exceptions as to the interlocutory matter are entered for hearing in this court. This is correct practice. *Brooks* v. *Shaw*, 197 Mass. 376.

Whether the motion to file a substitute answer ought to have been granted rested entirely in the sound judicial discretion of the pre-trial judge. *Lang* v. *Bunker*, 6 Allen, 61. *Fay* v. *Hunt*, 190 Mass. 378, 381. *Aronson* v. *Nurenberg*, 218 Mass. 376, 377. *Waltham Bleachery & Dye Works* v. *Clark–Rice Corp.* 274 Mass. 488, 491, and cases cited. No error is disclosed.

There is nothing in the record to indicate abuse of discretion by the pre-trial judge. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496-497. The suggestion that, if the defendant would waive his right to trial by jury the motion to file the substitute answer would be allowed, but, if there was no such waiver the motion would be heard and decided on its merits, shows no judicial impropriety. It does not afford any basis for inference that the motion was not fairly heard and rightly decided. No requests for rulings were made.

Whether the facts set out in the substitute answer could rightly have been introduced in evidence to defeat recovery on the note because in violation of the parol evidence rule need not be decided. *Wooley* v. *Cobb*, 165 Mass. 503. *Hall* v. *First National Bank of Chelsea*, 173 Mass. 16. *Torpey* v. *Tebo*, 184 Mass. 307. *Dodge* v. *Bowen*, 264 Mass. 208. *Starks* v. *O'Hara*, 266 Mass. 310. *National Bank of Charlottesville* v. *Cambridge Salvage Supply Co. Inc.* 270 Mass. 280. Wigmore on Evidence (2d ed.) § 2444. See *McCarthy* v. *Fitzgerald, post*, 181.

*Exceptions overruled.*