MARY O. R. MEANS, administratrix, *vs.* FRANK LEVERONI, administrator.

Suffolk. March 1, 1937. — March 29, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Appeal, Exceptions, Motion, Amendment, Abatement.

An appeal in an action at law cannot rightly be embodied in a bill of exceptions as to the same subject matter:

No question of law was presented to this court by exceptions to the disposition of certain motions where the record did not disclose any evidence, findings of fact or rulings of law.

No appeal lies from the denial of a motion to be allowed to file an amended declaration, from an order sustaining an answer in abatement grounded on facts warranting abatement, or from the allowance of a motion for judgment for the defendant notwithstanding a pending appeal by the plaintiff averred in the motion to be groundless.

CONTRACT. Writ in the Superior Court dated October 17, 1933.

The record before this court respected certain orders by *Walsh*, J. The only matters presented by a bill of exceptions are described in the second paragraph of the opinion. The record also disclosed appeals by the plaintiff from the denial of her motion to amend her declaration, from "allowing [*sic*] a plea in abatement," and from allowing a motion by the defendant for judgment notwithstanding an appeal by the plaintiff averred in the motion to be groundless.

The case was submitted on briefs.

*H. N. Allin*, for the plaintiff.

*F. J. Moscone*, for the defendant.

RUGG, C.J. This is an action of contract to recover compensation for services rendered by the plaintiff's intestate to the defendant's intestate.

There is a bill of exceptions, filed on September 23, 1936, and allowed on December 17, 1936. It contains no evidence, no findings of fact, and no rulings of law. It sets out two motions, one filed by the plaintiff "to extend the time for completing the record" to September 22, 1936, "at which time the case would become ripe for final preparation and printing of the record for the full court, and to which period of time an assignment had been made by order of the court," the other filed by the defendant for awarding execution. Both were filed on September 10, 1936. On the same day, the motion of the plaintiff was denied and that of the defendant allowed. The exceptions state further that, in refusing to allow the plaintiff's motion, the judge denied the plaintiff's right to "complete her record of appeal that the case might become ripe for final preparations and printing of the record" for the full court. The conclusion of the bill of exceptions is that the plaintiff

excepted to the ruling of the judge upon "each of the two motions, and being aggrieved by the order . . . also claims her appeal . . . ."

This is irregular. An appeal cannot rightly be embodied in a bill of exceptions as to the same subject matter. *Treasurer & Receiver General* v. *Revere Sugar Refinery*, 247 Mass. 483, 487. *Woogmaster* v. *National Surety Co.* 260 Mass. 184, 188. *Universal Adjustment Corp.* v. *Midland Bank, Ltd. of London*, 281 Mass. 303, 310.

The grounds recited in the plaintiff's motion need not be narrated. Touching this motion, there are no findings of fact, no evidence, and no ruling of law. At most, it appears to have been addressed to the discretion of the trial judge. There is nothing to show what occurred at the hearing on this motion.

The motion of the defendant prayed that execution be awarded "on the judgment ordered by the court on August 8, 1936, notwithstanding appeals taken . . . ." There is nothing to show what occurred at the hearing on this motion. There are no findings of fact, no evidence, and no rulings of law. The granting of this motion was within the power conferred by G. L. (Ter. Ed.) c. 231, § 96. Manifestly, no question of law is raised. *Norton* v. *Musterole Co. Inc.* 235 Mass. 587.

It appears from the record that a motion of the defendant for judgment in his favor was allowed after hearing on August 8, 1936. The grounds set forth in that motion were that an "appeal taken by the plaintiff" was "groundless and intended merely for delay, and that the order appealed from is not founded upon matter of law apparent on the record." The allowance of this motion was within the power of the judge. G. L. (Ter. Ed.) c. 231, § 96. There is nothing to show what occurred at the hearing on this motion. There are no findings of fact except such as may be inferred from the allowance of the motion. There is no report of evidence. There are no rulings of law. The plaintiff filed with respect to the allowance of this motion a paper entitled "Exceptions and Appeal." No question of

law is raised thereby.   No bill of exceptions was allowed touching this matter.   There is nothing to indicate error on the part of the judge.

There is in the record a motion by the plaintiff to be allowed to file an amended declaration.   This was denied after hearing.   The plaintiff appealed.   This motion was addressed to the discretion of the trial judge.   Its denial presents no question of law.   *Payson* v. *Macomber,* 3 Allen, 69, 70.   *Barlow* v. *Nelson,* 157 Mass. 395, 398.   *Norton* v. *Lilley,* 214 Mass. 239.   *Brooks* v. *Gregory,* 285 Mass. 197, 206.   The appeal of the plaintiff from the denial of this motion was nugatory, because no appeal lies in such circumstances.   *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.   G. L. (Ter. Ed.) c. 231, § 96.

There is printed in the record a motion that the defendant be allowed to file an "Amended Answer in Abatement."   It sets out that (1) the plaintiff did not commence her action within one year from the time of giving bond by the defendant as administrator, (2) the plaintiff commenced her action before the time of giving of bond by the defendant as administrator, (3) the writ runs against the goods and estate of the defendant and not against the goods and estate of the deceased in the hands of the defendant.   This motion was allowed and the answer in abatement sustained.   The plaintiff appealed.   This answer set out causes proper for abatement.   The first cause as to the short statute of limitations also might have been considered, although properly a plea in bar of the action.   *White* v. *E. T. Slattery Co.* 236 Mass. 28, 30, 31.   *Whiton* v. *Balch,* 203 Mass. 576.   *Breen* v. *Burns,* 280 Mass. 222, 228.   There is nothing in the record to show what evidence was before the trial judge on this hearing.   There are no findings of fact and no requests for rulings.   No question of law is raised concerning this matter.   No appeal lies.   *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.

The brief presented in behalf of the plaintiff has been carefully considered, but need not be discussed in detail because it relates chiefly to matters not open on the exceptions or appeals.

The record in this case presents no substantial question of law. Double costs have not been asked.

*Exceptions overruled.*
*Appeals dismissed.*