CLARENCE G. SUMMERS, JR., vs. BOSTON SAFE DEPOSIT
AND TRUST COMPANY & another, executors.

Middlesex.    June 28, 1938. — September 13, 1938.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

Practice, Civil, Appeal, Motion to dismiss, Abatement. Pleading, Civil,
Character of pleading. Survival of Action.

No appeal lies from an order of the Superior Court denying a motion to
amend a declaration.

A document entitled a "plea in abatement" to an action at law, which
set forth no facts not already apparent on the record, was treated, on
an appeal from an order allowing it, as a motion to dismiss and the
order was treated as a dismissal of the action.

Appeal lies from an order of the Superior Court allowing a motion to dis-
miss and dismissing the action.

Under G. L. (Ter. Ed.) c. 228, § 1, as amended by St. 1934, c. 300, § 1,
an action for alienating the affections of the plaintiff's wife and de-
bauching her did not survive the death of the defendant while it was
pending before trial, and it properly was dismissed.

On an appeal from an order dismissing an action because it did not survive
the death of the defendant, the propriety of the order must be deter-
mined on the record as it stood when the order was made and, that
record not disclosing anything to suggest that the cause of action arose
in a certain other jurisdiction, the question, whether the action would
have survived in such jurisdiction, was not considered.

TORT.    Writ dated August 20, 1935.

Orders in the Superior Court were by Beaudreau, J.

The case was submitted on briefs.

C. L. Newton & R. W. Barrett, for the plaintiff.

J. N. Clark, for the defendants.

QUA, J.    The writ in this action, dated August 20, 1935,
names as the defendant Albert Mann of Newton in this
Commonwealth.    The plaintiff is described as of Phila-
delphia, Pennsylvania.    The declaration is for alienating
the affections of the plaintiff's wife and debauching her.
On January 5, 1937, the plaintiff suggested that the defend-
ant had died on or about December 25, 1935, and moved
for notice to the present defendants as his executors to

defend the action. On February 6, 1937, the executors, appearing specially, filed a paper entitled "Plea in Abatement" and another paper entitled "Motion to Dismiss." These papers are identical in wording, except for the titles, and except that the former prays that the writ and action abate, while the latter prays that the action be dismissed. Both papers recite the death of the original defendant and the appointment of the executors, and allege that "this action is one which does not survive." No other facts are stated. On February 17, 1937, the plaintiff filed a motion to amend his declaration by adding averments that the alleged wrongs were committed, and the cause of action arose, in Pennsylvania while he lived and maintained his matrimonial domicil there. On January 10, 1938, the judge entered orders allowing the "Plea in Abatement" and the "Motion to Dismiss" and denying the plaintiff's motion to amend. The plaintiff appealed from all three orders. We have stated the material substance of the entire record now before us.

The first question is whether the appeals are properly here. The appeal from the denial of the motion to amend is not properly here. It was not an order decisive of the case founded upon matter of law apparent on the record. It was addressed to the discretion of the judge. It was not within any other of the classes of cases in which appeals are allowed by G. L. (Ter. Ed.) c. 231, § 96. The matter is fully covered by *Means* v. *Leveroni*, 297 Mass. 61, 64, and cases cited.

The appeal from the order allowing the "Plea in Abatement" is properly here. Commonly a plea or answer in abatement sets forth new facts not apparent on the record, and an order thereon imports a trial of those facts upon evidence, and resulting questions of law must be taken to this court by exceptions or report and not by appeal. *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123. *Wright* v. *Graustein*, 229 Mass. 68. *Second National Bank of Malden* v. *Leary*, 284 Mass. 321, 325. *Gallo* v. *Foley*, 299 Mass. 1, 5, 6. *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22. *Yoffa* v. *Shaw*, 299 Mass. 516. G. L. (Ter. Ed.) c. 231,

§§ 50, 96, 111, 113. But here the so called "Plea in Abatement" is not a true answer in abatement, as it sets forth no facts not already apparent on the record. *Paraboschi* v. *Shaw*, 258 Mass. 531, 532. *Tyler* v. *Boot & Shoe Workers Union*, 285 Mass. 54, 55. It is in substance a motion to dismiss founded solely upon the then state of the record and should be treated as such. Compare *Brotkin* v. *Feinberg*, 265 Mass. 295. The order entered thereon was "founded upon matter of law apparent on the record," and, if allowed to stand, it is "decisive of the case." It is therefore appealable under G. L. (Ter. Ed.) c. 231, § 96. *Allin* v. *Connecticut River Lumber Co.* 150 Mass. 560, 563. See *Brown* v. *Kellogg*, 182 Mass. 297, 299.

What has been said will suffice to show that the order allowing the "Motion to Dismiss" is likewise appealable. The defendants did not need two pleadings, each adapted to achieve the same end in the same way, but as the judge has made two orders, each fatal to the plaintiff's case, the plaintiff may have both considered here.

There was no error in ordering the action abated or dismissed. The question of survival of the action was seasonably and properly raised. *Hey* v. *Prime*, 197 Mass. 474. See *Rockwell* v. *Furness*, 215 Mass. 557, 559. The record showed that the action was one which by the law of this Commonwealth did not survive, G. L. (Ter. Ed.) c. 228, § 1, as amended by St. 1934, c. 300, § 1, and therefore could not be kept alive against the original defendant's executors, G. L. (Ter. Ed.) c. 228, § 4. See c. 230, § 1.

But the plaintiff contends that in fact the cause of action arose in Pennsylvania; that by the law of Pennsylvania it survives; and that the law of Pennsylvania governs the question of survival when the action is brought in this Commonwealth. We do not pass upon these questions. When the motions were allowed there was nowhere in the record a syllable to suggest that the cause of action arose in Pennsylvania, or that any foreign law had any bearing upon the case. The motions to dismiss were directed to the record only. *Paraboschi* v. *Shaw*, 258 Mass. 531, 532. The judge could not look beyond the record, and he was obliged

to construe the record according to its natural meaning. He could not, in construing a bare record, speculate upon some peculiar effect of some foreign law in possible contingencies which the record in no way brought to his attention, especially where, as here, reliance is placed upon a foreign statute which is contrary to the common law. Foreign law cannot be injected into a record in the manner proposed. *Richards* v. *Richards,* 270 Mass. 113, 117–118. *Lennon* v. *Cohen,* 264 Mass. 414, 421.

The plaintiff's appeal from the order denying his motion to amend is dismissed. The orders allowing the defendants' "Plea in Abatement" and motion to dismiss are affirmed.

*So ordered.*