ERNEST S. PETERSON vs. JOHN R. CADOGAN.

Plymouth.   January 5, 1943. — January 27, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & COX, JJ.

*Practice, Civil,* Amendment; Parties; Requests, rulings and instructions; Exceptions: what questions open; Motion.

After a verdict, but before judgment, for the defendant in an action for personal injuries against the operator of an automobile, the trial court had power to allow a motion for an amendment substituting as defendant the operator of another automobile who, the plaintiff had learned, apparently had caused his injuries, although at the time the motion was made an original action against the second operator would have been barred by the statute of limitations.

The denial of a motion to amend "as a matter of law" was in effect a ruling of law that the judge had no power to allow the motion, and was reviewable by this court on exception.

TORT.   Writ in the Second District Court of Plymouth dated September 4, 1940.

Following removal to the Superior Court, trial and a verdict for the defendant, a motion to amend was denied by *Baker*, J.  The plaintiff alleged exceptions.

*E. J. Campbell*, for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

LUMMUS, J.   On June 20, 1940, the plaintiff was riding in an automobile owned and operated by one Hubbard. The automobile ahead, operated by the defendant, slowed down suddenly.  Hubbard swung sharply to the left and collided with the rear left side of the defendant's automobile and then collided with another automobile proceeding in the opposite direction, operated by one Desmond.  The plaintiff was hurt.  He brought this action of tort against the defendant on September 4, 1940.  At a hearing before an auditor, the plaintiff learned that the automobile directly ahead of the defendant's, one operated by one Emma Richardson, stopped suddenly and thereby caused the defendant to stop suddenly.  At a trial before a jury,

a verdict for the defendant was returned on May 6, 1942.

Later, before judgment, the plaintiff on May 7, 1942, moved to amend by substituting the name of Emma Richardson for that of the defendant Cadogan. The judge denied the motion "as a matter of law." By this action he ruled in effect that he had no power to allow the motion.

By G. L. (Ter. Ed.) c. 231, § 51, the court has power, at any time before final judgment, to allow amendments introducing a necessary party, discontinuing as to a party, or any other amendment "which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought . . . ." It could have been found that the intention of the plaintiff was to bring the action against the person who caused his injuries. *Shapiro* v. *McCarthy,* 279 Mass. 425, 430. It is settled that an amendment may be allowed, substituting one sole defendant for another. *McLaughlin* v. *West End Street Railway,* 186 Mass. 150. *Genga* v. *Director General of Railroads,* 243 Mass. 101, 104. *Chandler* v. *Dunlop,* 311 Mass. 1, 7. It is true that an action against Emma Richardson, commenced at the time when the motion to amend was made, would have been barred by the statute of limitations. G. L. (Ter. Ed.) c. 260, § 4. But that fact does not prevent the allowance of the amendment, and may furnish a reason for it. *McLaughlin* v. *West End Street Railway,* 186 Mass. 150. *Genga* v. *Director General of Railroads,* 243 Mass. 101, 104. *Gallagher* v. *Wheeler,* 292 Mass. 547, 552. *Henshaw* v. *Brown,* 299 Mass. 136.

It is true that the allowance of a motion to amend is discretionary, and the denial of such a motion, without more, presents only a question of discretion which cannot be reviewed on exceptions, for exceptions reach only rulings made as matter of law. G. L. (Ter. Ed.) c. 231, § 113. *Lang* v. *Bunker,* 6 Allen, 61. *Aronson* v. *Nurenberg,* 218 Mass. 376. *Genga* v. *Director General of Railroads,* 243 Mass. 101, 104. *Stoneham Trust Co.* v. *Aronson,* 296 Mass. 154, 156. But a ruling that the court has no power to allow an amendment, when in truth the allowance is discretionary,

is an error of law that can be corrected on exceptions. *Commonwealth* v. *Fontain,* 127 Mass. 452, 455. *Long* v. *George,* 296 Mass. 574, 578, and cases cited.

*Exceptions sustained.*