JOHN DURANTE & another *vs.* OLINDY MEZZETTI & others. June 9, 1955. Exceptions overruled. The defendants' demurrers to the plaintiffs' declaration in tort for deceit were sustained and the plaintiffs "granted 21 days in which to file a motion to amend." Such motion was filed with a copy of a proposed amended declaration and after hearing was denied. The plaintiffs excepted to the denial. The motion having been addressed to the discretion of the trial judge, its denial in the absence of findings, rulings, or requests for rulings presents no question of law. *Means v. Leveroni*, 297 Mass. 61, 64. *Goodyear Park Co. v. Holyoke*, 298 Mass. 510. *Urban v. Central Massachusetts Electric Co.* 301 Mass. 519, 524. *Keljikian v. Star Brewing Co.* 303 Mass. 53, 56. *Peterson v. Cadogan*, 313 Mass. 133, 134.

*Henry Gesmer*, (*Marvin N. Geller* with him,) for the plaintiffs.

*Joseph A. Krichmar*, (*Louis A. George* with him,) for the defendants.

CHRISTOPHER C. GIFFORD *vs.* MARJORIE P. GIFFORD. June 9, 1955. Decree affirmed. The petitioner seeks modification of a decree for weekly alimony in favor of his former wife entered upon the granting of a divorce to her in 1949. The judge of probate dismissed the petition, and the petitioner appeals. The petitioner asserts that after the filing of a report of an investigator the judge heard no evidence and refused to allow the petitioner to introduce further evidence. The record, however, shows nothing of the kind. The decree recites that the petition is dismissed "After hearing." There is no report of the proceedings before the judge. It does not appear that any finding of material facts was requested or made. Obviously there is nothing in this record to show error. *Jordan v. Ulmer*, 237 Mass. 577, 579–580. *Comstock v. Dewey*, 323 Mass. 583, 585.

*Edward J. Bushell*, for the petitioner.

*Richard C. Sheppard*, for the respondent.