VICTOR P. KLAPACS *vs.* CONTRIBUTORY RETIREMENT APPEAL BOARD.

Suffolk. April 5, 1960. — April 28, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Retirement.*

A retirement board rightly denied as matter of law a request by a member of the retirement system who filed an application for superannuation retirement under G. L. c. 32, § 5, that the board treat such application as an amendment of an application for accidental disability retirement under § 7 which he had filed some months previously and which the board had denied, and that the effective date of his superannuation benefits be established as of the day following the filing of the earlier application; a granting of the request would have contravened the express provision of § 5 that upon an application for superannuation retirement the member shall be retired "as of a date . . . subsequent to . . . the filing of such application."

PETITION for review filed in the Superior Court on February 11, 1958.

The case was heard by *Vallely*, J.

*Sumner H. Rogers*, for the petitioner.

*Roy F. Teixeira*, Assistant Attorney General, (*Pasquale J. Piscitelli* with him,) for the respondent.

SPALDING, J. The petitioner is a member of the State employees' retirement system. On September 12, 1955, he filed an application with the State board of retirement (board) for accidental disability retirement under G. L. c. 32, § 7, to take effect March 1, 1955. The board denied the application and the petitioner appealed to the contributory retirement appeal board. G. L. c. 32, § 16 (4). On May 18, 1956, the appeal board, after hearing, affirmed the decision of the board and dismissed the appeal. On May 22, 1956, the petitioner filed a timely request with the appeal board for a rehearing of his application for accidental disability benefits, which request was denied on July 13, 1956.[1]

On July 18, 1956, the petitioner filed with the board an application for superannuation retirement under G. L. c. 32, § 5. At the same time, he requested the board to treat this application as an amendment to his application for accidental disability retirement filed on September 12, 1955, and that the effective date of his superannuation benefits be established as of September 13, 1955. The board granted the application for superannuation retirement as of July 20, 1956, and denied the petition to amend, as matter of law. The appeal board affirmed the board's decision and dismissed the appeal. The petitioner claimed a judicial review of the appeal board's decision under G. L. c. 30A, § 14. From a decree affirming the decision of the appeal board the petitioner appealed. G. L. c. 30A, § 15.

There was no error.

We assume that, if the board had discretion to grant the petitioner's application to amend, its denial of the applica-

---

[1] General Laws c. 30A, § 14 (1), provides that "if a petition for re-hearing has been timely filed with the agency" a judicial review may be obtained by filing a petition in court "within thirty days after receipt of notice of agency denial of such petition for re-hearing."

tion, as matter of law, was erroneous. See *Long* v. *George*, 296 Mass. 574, 578; *Peterson* v. *Cadogan*, 313 Mass. 133. But the board had no discretion to allow the amendment. General Laws c. 32, § 5 (1) (a), provides, in part, that a member of a retirement system shall "upon his written application . . . be retired for superannuation as of a date which shall be specified in such application *and which shall be subsequent to* but not more than four months after *the filing of such application*" (emphasis supplied). The application for superannuation benefits, in the present case, was filed on July 18, 1956. The express language of § 5 (1) (a) makes it clear that the date of the petitioner's retirement must be subsequent to the *filing* of such application. If the board had granted the petitioner's request to treat this application as an amendment to the September 12, 1955, application for accidental disability retirement, the date for the petitioner's retirement would have been prior to the date of the "filing of such application [for superannuation retirement]." This would have been in contravention of the express language of the statute.

*Decree affirmed.*