Dorothy NAYER and Herman Nayer, Plaintiffs,

v.

ROBERTSHAW–FULTON CONTROLS COMPANY, Defendant.

Civ. No. 56–622–C.

United States District Court
D. Massachusetts.

March 28, 1961.

Supplemental Opinion June 28, 1961.

Joseph Schneider, Boston, Mass., for plaintiffs.

Robert W. Cornell, Paul R. Frederick, Badger, Pratt, Doyle & Badge, Boston, Mass., for defendant.

CAFFREY, District Judge.

Plaintiffs, Dorothy Nayer and Herman Nayer, residents of the State of New York, filed a complaint sounding in tort on July 20, 1956, against Phillips Petroleum Company, described in the complaint as a foreign corporation doing business within the District of Massachusetts.

The plaintiff Dorothy Nayer alleged that on or about July 22, 1954, she suffered severe and permanent injuries because the defendant Phillips Petroleum Company produced, manufactured, and compounded a certain gas in a negligent and careless manner and that it was unfit and dangerous for the use to which it was intended and when properly used by reason of said negligence it created a defective and dangerous condition in the fixture in which it was to be used and the defendant knew or ought to have known that said gas was dangerous and failed to warn the plaintiff of the dangerous condition, as a consequence of which the gas exploded and burned. Plaintiff Dorothy Nayer seeks recovery in the amount of $300,000.

The plaintiff Herman Nayer makes similar allegations with reference to a gas explosion on the same date, said explosion being alleged by both plaintiffs to have occurred on the premises of a dwelling located at Indian Neck, Wellfleet, Massachusetts. Herman Nayer claims damages in the amount of $200,000. In a third count, Herman Nayer alleges consequential damages in the amount of $50,000.

On August 21, 1956, the defendant filed an answer which denied negligence on its part; denied that the alleged injuries were caused by "any person or entity for whose conduct this defendant was legally responsible;" alleged contributory negligence; and alleged the expiration of the applicable statute of limitations.

On March 16, 1960, plaintiffs filed a motion for leave to file an amended complaint and a motion to substitute party defendant. Both motions were allowed by the Court on the same day. An amended complaint was filed on March 16, 1960, naming Robertshaw-Fulton Controls Company, a Delaware corporation, as defendant. In this complaint, plaintiffs allege that the explosion was "due to the defective and dangerous condition of a Grayson T–7 Valve" manufactured by the Robertshaw-Fulton Controls Company. This complaint was served on the Robertshaw-Fulton Controls Company on the 4th day of April, 1960, by substituted service on the Commissioner of Corpora-

tions for the Commonwealth of Massachusetts. On June 22, 1960, an answer to plaintiffs' amended complaint was filed, which answer denied negligence, alleged contributory negligence, and alleged that the statute of limitations had expired. Thereafter, on June 24, 1960, the defendant filed a motion for judgment on the pleadings under Rule 12(e), 28 U.S.C.A.

Mass. General Laws, C. 260, Sec. 2A, imposes a two year period of limitations on actions of negligence of the type herein involved. Defendant contends that this is the applicable statute and that the action as against Robertshaw-Fulton Controls Company is outlawed thereby. Defendant likewise urges that Rule 15(c) of the Federal Rules of Civil Procedure which provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

may not be used to allow a "relating-back" of the filing of this amended complaint in such a manner as to circumvent the provisions of Chapter 260, Sec. 2A.

Plaintiffs seek to avoid the bar of the statute by citing a series of decisions of the Massachusetts Supreme Judicial Court interpreting Mass. General Laws, C. 231, Sec. 51, which provides:

*"Amendments as to parties, process or pleading.* The court may, at any time before final judgment, except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or enable the defendant to make a legal defense."

Plaintiffs also rely on various decisions of the Supreme Judicial Court of Massachusetts which have liberally interpreted the foregoing State statute—particularly McLaughlin v. West End Street Ry. Co., 186 Mass. 150, 71 N.E. 317; Johnson v. Carroll, 272 Mass. 134, at page 138, 172 N.E. 85, 69 A.L.R. 1244; and Shapiro v. McCarthy, 279 Mass. 425, at pages 428–429, 181 N.E. 842. Plaintiffs likewise cite King v. Solomon, 323 Mass. 326, at page 331, 81 N. E.2d 838, 8 A.L.R.2d 1; Maltzman v. Hertz, 336 Mass. 704, at page 708, 147 N.E.2d 767; Bressler v. Averbuck, 322 Mass. 139, at page 144, 76 N.E.2d 146; and Peterson v. Cadogan, 313 Mass. 133, at page 134, 46 N.E.2d 517.

Plaintiffs contend that inasmuch as the instant action is based upon the diversity jurisdiction of this court, the philosophy of the Erie Railroad case—particularly as enunciated and applied in Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, requires a Federal court to "conform" with the State court interpretation of the State statute. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

It is clear that the allowance or disallowance of a motion to amend is discretionary under Massachusetts law. Peterson v. Cadogan, 313 Mass. 133–134, 46 N.E. 517. The McLaughlin, Johnson, and Shapiro cases, supra, relied upon by the plaintiffs, establish merely that the allowance of a motion to amend is not an abuse of discretion and is not reversible error. I do not read these cases as imposing any legal obligation upon a Massachusetts trial judge to allow amendments after the expiration of the applicable statute of limitations.

Thus, following the path of the Erie Railroad returns us to the question of the matter of discretion.

No evidence was offered by either side in support of or in opposition to the motion to dismiss. Since this motion, in line with the foregoing, must be disposed of in the exercise of sound judicial discretion, a further hearing will be held prior to decision of this matter. At such hearing, the Court will receive evidence relevant to the proper exercise of discretion, including, but not limited to, evidence indicating what, if any, notice of the pendency of this claim was given to the defendant Robertshaw-Fulton Controls Company prior to service upon it of the motion to amend and the amended complaint; evidence of what, if any, investigation of the facts of this case was conducted by the defendant Robertshaw-Fulton Controls Company prior to said service upon it; evidence of any opportunity for investigation of this case which was dissipated by said defendant due to non-notice of this claim, if such was the fact; evidence tending to indicate when the plaintiffs first knew or should have known of the existence of their theory of liability against this defendant; and evidence as to the amounts received by plaintiffs from other defendants in settlement of various other cases previously on the docket of this court arising from the same accident.

Arrangements for further hearing may be made by the parties with the Clerk. So ordered.

### Supplemental Opinion

The facts underlying this litigation are set out in detail in the Court's memorandum dated March 28, 1961, in which memorandum counsel were requested to provide certain additional information to the extent that it was presently available.

After further hearing, it appears that eight hours after the explosion, which took place on July 22, 1954, an investigation as to the causes thereof was made by Detective Lieutenant George Killen of the Massachusetts Department of Public Safety and that Lieutenant Killen found that an automatic shut-off valve did not function properly. It also appears that a copy of Lieutenant Killen's written report to this effect came into the possession of the attorneys for the plaintiffs some time during the year 1954. It likewise appears that in August of 1954, A. A. Robinson, Division Service Manager of the Suburban Propane Gas Company, notified the Robertshaw-Fulton Controls Company that the gas explosion had occurred. Mr. Robinson corresponded with A. C. Hansen, Quality Control Director, Robertshaw-Fulton Controls Company, Lynwood, California, in August of 1954 with reference to the explosion involved herein.

No evidence was adduced to indicate that any demand or claim against the Robertshaw-Fulton Controls Company was made prior to the service of process in the instant case, although the company had been aware of the occurrence of this particular explosion since 1954. It appears that Mr. Robinson's deposition was taken by the plaintiffs on December 9, 1958, and it appears that the instant complaint was filed on March 16, 1960, and that the summons was actually received by the attorneys for defendant on March 30, 1960. It likewise appears that the plaintiffs have received, in exchange for covenants not to sue, from four defendants or potential defendants, total cash payments of $200,000. It appears that plaintiffs' medical expenses for the years 1954 through 1957 as a result of this accident were in the total amount of $6,480.93. It likewise appears that one Hugh Larimer, an investigator for defendants, died prior to March 1960, and that records of the defendant material to this case, relating to manufacture and delivery, were destroyed before March 1960.

As indicated in the memorandum of March 28, 1961, this matter reduces it-

**708**

self to an exercise of discretion. On the basis of the March 28 memorandum, and the above, the motion to amend is denied and the motion for summary judgment is allowed.