Rescript Opinions.

ANNE W. MARCELLINO & others[1] *vs.* JOSEPH M. VALERIO.   June 4, 1965. Exceptions overruled.   The most favorable evidence shows that at the time of the accident the Commonwealth's truck, operated by the defendant, was stopped at the foot of a hill on the right side of a State highway in Mashpee, leaving "enough room between the left side of this truck and the other side of the road for a car to go by."   The evidence fails to show how long the truck was stopped, or that it was stopped "otherwise than temporarily" for the purpose of dropping off employees of the Department of Public Works to clear a gully on the side of the highway during a February thaw in 1961.   There was no "parking" in violation of the department's regulations, and, in consequence, no basis for a finding that the defendant was negligent.   The total and unexpected failure of the brakes of the vehicle operated by the plaintiff Anne W. Marcellino to grip during the one hundred foot descent from the crest of the hill was the proximate cause of the contact between that vehicle and a third vehicle, and then with the truck operated by the defendant.   The judge was right in directing a verdict for the defendant.

*Arthur M. Gilman* (*George A. McLaughlin, Jr.,* with him) for the plaintiffs.

*Samuel W. Gaffer,* Assistant Attorney General, for the defendant.

MARJORIE C. HOLDIMAN *vs.* THOMAS A. HOLDIMAN.   June 4, 1965.   Decree affirmed.   This is an appeal from that part of a separate support decree which ordered, inter alia, the respondent to pay certain sums for the support of the petitioner and a minor son.   The probate judge made a report of the material facts.   The only issue presented is whether the "amount ordered by the Court . . . [was] unreasonably low in the circumstances of the case."   We have reviewed the evidence and the findings of the judge.   We do not think there is adequate basis for substituting our judgment for that of the probate judge.

*John Kimball, Jr.,* for the petitioner.

*Louis Karp,* for the respondent, submitted a brief.

JAMES E. REILLY *vs.* REVERE RACING ASSOCIATION, INC. & others (and a companion case[2]).   June 4, 1965.   Exceptions overruled.   The defendants' demurrers to the plaintiffs' declarations in tort were sustained, with leave to the plaintiffs "to move to amend."   Each plaintiff thereupon filed a motion to amend, accompanied by a proposed amended declaration. Each motion was denied "for want of prosecution," but with leave to file "a new and sufficient motion to amend . . . accompanied by the proposed amendment within 20 days."   Each plaintiff filed a second motion to amend with the same proposed amended declaration and, after a hearing thereon, each motion was denied.   Each plaintiff excepted to the denial.   The motions having been addressed to the discretion of the trial judge, their denial in the absence of findings, rulings, or requests for rulings presents no question of law.   *Means* v. *Leveroni,* 297 Mass. 61, 64. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 56.   *Durante* v. *Mezzetti,* 332 Mass. 758.   Cf. *Peterson* v. *Cadogan,* 313 Mass. 133, 134.

The case was submitted on briefs.

*Harry J. Williams* for the plaintiffs.

*Robert T. Capeless,* for Revere Racing Association, Inc., *& Frank L. Orfanello,* for Louis L. Lobel & another.

---

[1] John Marcellino, husband of Anne, and owner of the vehicle, assented to judgments for the defendant on the counts on his own behalf, but not on the count on behalf of his minor daughter, Gina.

[2] The companion case is by Thomas G. Reilly against the same defendants.