Francis R. BURNS, Plaintiff,

v.

TURNER CONSTRUCTION CO. et al.,
Defendants.

Civ. A. No. 64-209-S(G).

United States District Court
D. Massachusetts.

March 31, 1967.

Timothy McInerney, Boston, Mass., for plaintiff.

James D. Casey, Merritt J. Aldrich, Edward Mahony & Thomas H. Mahony, Philip Riley, Thomas R. Morse, Jr., Parker, Coulter, Daley & White, E. R. Langenbach, John F. Drum, Paul R. Frederick, Badger, Parish, Sullivan & Frederick, John Clymer, Hutchins & Wheeler, Boston, Mass., for defendants.

### MEMORANDUM

GARRITY, District Judge.

This action of tort was commenced by the plaintiff on March 23, 1964 against a single defendant, Turner Construction Co. ("Turner"), and comes before the court now on motions to dismiss filed by other persons later added as parties defendant. The plaintiff was injured on March 26, 1962 at the Children's Hospital Medical Center ("Hospital") when a plat-

form railing that he leaned against gave way and the plaintiff fell to the ground below. The plaintiff brought suit against Turner, which was doing construction work at the Hospital at the time of the plaintiff's injury, alleging that the defendant was negligent in designing and installing the platform and its railings. Service was made on Turner on April 14, 1964.

On January 3, 1966 the plaintiff sought, and without objection was granted, leave to amend his complaint by adding several parties defendant. The plaintiff filed an amended complaint on January 17, 1966 in which he added seven causes of action against several new defendants. The amended complaint was based on information which the plaintiff learned during discovery proceedings which he conducted in early 1965, principally the deposition of Dr. Park S. Gerald, a member of the staff at the Hospital, who testified to having removed the platform railing on the day of the plaintiff's injury to enable a delivery truck to unload some materials for the Hospital. Dr. Gerald testified that he instructed the deliveryman to secure the railing after he completed the unloading.

The plaintiff's new causes of action were brought against the partners of Architects Collaborative (Walter Gropius et al.) for negligence in designing the platform from which the plaintiff fell, against Babcock-Davis Associates, Inc., for negligent construction of the platform, against the partners doing business as Lakeman's Express for failure to secure the platform railings after their delivery truck unloaded materials, against Scott-Duncan Co., Inc., for the negligence of its agents or employees in failing to secure the platform railings after making deliveries, against Republic Steel Corporation for the negligence of its agents or employees in failing to secure the platform railings after making deliveries that day to the Hospital, against the Hospital for failing to properly secure the railings, and against Park S. Gerald for failing to properly secure the railings.

None of the new defendants had been heard on the propriety of adding them to the action as parties defendant. Two of them, the Hospital and Lakeman's Express, brought motions to dismiss on the ground that the plaintiff's action was barred by the statute of limitations. The motions were granted on April 20, 1966 and May 18, 1966 respectively. The other defendants added by amendment, namely, the defendants Architects Collaborative (Walter Gropius et al.), Babcock-Davis Associates, Inc., Republic Steel Corporation, and Park S. Gerald, have now filed motions to dismiss on the same ground.

■■ The applicable period of limitations when the federal jurisdiction is based solely upon diversity of citizenship is the statute of limitations of the forum state. Guaranty Trust Co. of N. Y. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. The Massachusetts statute of limitations for tort actions is two years from the date on which the cause of action accrues. Mass.G.L. c. 260, § 2A. The plaintiff's amended complaint was filed more than two years after the plaintiff's injury. The plaintiff's causes of action against the defendants who now move to dismiss are barred by the Massachusetts statute unless the plaintiff alleges that the person liable has fraudulently concealed the cause of such action from the knowledge of the person entitled to bring it, Mass.G.L. c. 260, § 12, which the plaintiff has not here alleged, or unless the plaintiff is allowed to amend his declaration to introduce additional parties defendant to sustain the action for the cause for which it was intended to be brought. Mass.G.L. c. 231, § 51. Under the doctrine of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, a federal court in an action based on diversity of citizenship will look to the law of the forum state regarding amendments as to parties. Nayer v. Robertson-Fulton Controls Company, D.C.Mass., 1961, 195 F.Supp. 704.

■ In order to amend his action pursuant to Mass.G.L. c. 231, § 51, the plaintiff must establish the propriety of

his amendment as a matter of law, as well as demonstrate that the proposed amendment will not operate to prejudice the defendants. In the instant case, the plaintiff has added additional parties defendant and new causes of action and not amended his complaint by substituting one defendant for another. The Massachusetts statute does permit the *substitution* of parties to a cause of action, Johnson v. Carroll, 1930, 272 Mass. 134, 172 N.E. 85, 69 A.L.R. 1244; Chandler v. Dunlop, 1942, 311 Mass. 1, 39 N.E.2d 969, but research has not disclosed a Massachusetts case in which the statute has been held to permit the *addition* of new parties. In fact, the statute of limitations has been held to bar an amendment to a declaration which seeks to bring in new defendants under a new cause of action. Smith v. Butler, 1900, 176 Mass. 38, 43, 57 N.E. 322.

■ Even if Mass.G.L. c. 231, § 51, would permit the plaintiff to amend his complaint by adding additional parties, it is clear under Massachusetts law that the allowance of the amendments lies within the court's discretion. Peterson v. Cadogan, 1943, 313 Mass. 133, 46 N.E. 2d 517. In exercising his discretion, I have no doubt that a Massachusetts judge would weigh considerations such as those enumerated in the second sentence of Rule 15(c), Fed.R.Civ.P., which provides in part,

> "An amendment changing the party against whom a claim is asserted relates back if * * * within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

■ In my opinion, the standards of Rule 15(c) are not met in this case. The new defendants did not receive notice of the action within the two-year period of limitations. Even as against the original defendant Turner, suit was not commenced until three days before the expiration of the statute of limitations. Moreover, the new defendants would probably be prejudiced in maintaining their defenses on the merits by the passage of almost four years between the date of the accident and notice of the suit. Conditions at the hospital have changed materially (for instance, the platform railing is no longer there) and memories have inevitably dimmed. Furthermore, it is unlikely that the new defendants knew, or should have known, that but for a mistake in identity the suit against Turner Construction Co. would have been brought against them. The potential liability of the new defendants arising out of the chain of events surrounding the removal of the platform railing did not even occur to the plaintiff until early in 1965.

The motions to dismiss are granted and the case will stand for trial only against the original defendant Turner Construction Co.