ALLON TEXTILE, INC. *vs*. ANN P. BATES, executrix.

Worcester.    November 5, 1970. — December 30, 1970.

Present: TAURO, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Practice, Civil,* Appeal; Abatement. *Words,* "Order."

No appeal lay under G. L. c. 231, § 96, from an order of the Superior Court in an action at law sustaining an answer in abatement which set forth new facts not apparent on the record. [528–529]

In an action in Massachusetts against a resident of another State who died while it was pending, an answer in abatement filed by the decedent's executrix, setting forth that no ancillary administration had been taken out here, that no agent had been appointed here by the

executrix, that no property of the decedent's estate was located here, and that the executrix had not consented or subjected herself to suit here, stated causes proper for abatement if sustained at an evidential hearing. [529]

CONTRACT. Writ in the Superior Court dated June 13, 1968.

An answer in abatement was heard and sustained by *Lappin*, J.

*Henry P. Monaghan* for the plaintiff.

KIRK, J. This is an action of contract brought by a resident of Massachusetts against a resident of New Mexico in the Worcester Superior Court. The defendant answered to the merits and the case was referred to an auditor. While the action was pending before the auditor, the defendant died. On motion of the plaintiff and in accordance with G. L. c. 223A, commonly called the "long-arm" statute, process was issued and the defendant's executrix, a resident of New Mexico, was personally served in that State. Subsequently, the foreign executrix appeared specially and filed an answer in abatement. After a hearing, the judge sustained the answer in abatement. The plaintiff appealed.

In its brief, the plaintiff asserts that the sole issue is whether, in an action already pending in the Superior Court, our "long-arm" statute authorizes substitution of a foreign executrix upon the death of the original defendant. The executrix did not submit a brief nor did she appear before this court.

We are of opinion that it is not necessary to consider the issue raised by the plaintiff because the appeal is not properly before us. General Laws c. 231, § 96, establishes only three instances in which an appeal can be used to review alleged errors of law by the Superior Court: where there is (1) an order overruling or sustaining a demurrer asserting that the facts pleaded do not in law support or answer the cause of action; (2) an order for judgment upon a case stated; or (3) an order founded upon matter of law apparent on the record and decisive of the case. See *Yoffa* v. *Shaw*, 299 Mass. 516, 517, and cases cited therein.

The only clause of G. L. c. 231, § 96, applicable to this case is that which requires the "order" to be "decisive of the case founded upon matter of law apparent on the record . . . ." This clause of the statute embodies two separate and distinct requirements. One requirement, that the order be one of law on the face of the record, precludes review of any order which results from an exercise of discretion by the trial judge or which depends in part upon a question of fact. *Harrington* v. *Anderson,* 316 Mass. 187, 191. The other requirement, that the order be decisive of the case, is a jurisdictional rule arising out of the statute and prevents review of an interlocutory decision which does not terminate the case. *Weil* v. *Boston Elev. Ry. Co.* 216 Mass. 545, 547.

We need not discuss whether the order sustaining the answer in abatement was "decisive."

Upon a review of the record we are of opinion that the case discloses no question of law which is "apparent on the record" within the meaning of the statute. It is well-settled as a general rule that there can be no appeal from a decision upon an answer in abatement because this type of pleading requires the setting forth of new facts not appearing on the record and it imports a trial or hearing of those facts upon evidence. Qua, J. in *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 168, and cases cited therein. See also *Means* v. *Leveroni,* 297 Mass. 61, 64. The only methods of obtaining appellate review of a decision upon an answer in abatement are by a bill of exceptions or by report. *Id.*

In the *Summers* case, it must be noted that this court treated the answer in abatement as in substance a motion to dismiss because it did not set forth any facts not already apparent on the then state of the record. Viewed as a motion to dismiss, the court found a question of law apparent on the face of the record and not based on extrinsic facts. The same result was reached in *Tobin* v. *Downey,* 310 Mass. 721, 722.

The present case falls within the general rule of the *Summers* case, *supra,* because the answer in abatement does

set forth new facts which were not apparent on the record as it stood prior to this pleading. The answer in abatement sets out in pertinent part that (1) no ancillary administration has been taken out in this Commonwealth, (2) no agent has been appointed in this Commonwealth, (3) no property belonging to the estate is located within the Commonwealth, and (4) the executrix has not consented nor subjected herself to suit here. The remaining allegations, not enumerated here, can properly be deemed part of the record. The enumerated facts are causes proper for abatement [*Wyshak* v. *Anaconda Copper Mining Co.* 328 Mass. 219], and an evidentiary hearing was required. Therefore no appeal lies.

The plaintiff's brief has been considered. In view of the present state of the record, the issue presented in its brief is not open to review.

*Appeal dismissed.*