COMMONWEALTH *vs.* RICHARD PETER BUJNOWSKI. March 1, 1971. A judge of the Superior Court under the provisions of G. L. c. 278, § 30A, has reported the following question to us: "Where a statement, inculpatory in nature, is taken from a defendant, prior to the effective date of the *Miranda* decision, and the defendant had not been specifically advised of his right to counsel, paid for by the government, is that statement admissible in evidence in a trial of the case . . . [after the *Miranda* decision] where the indictment and arraignment took place prior to the effective date of *Miranda*, i.e., . . . [June] 13, 1966?" The defendant was indicted on September 10, 1965, for murder, stood mute at his arraignment when a plea of not guilty was entered, and after observation was ordered committed to the Bridgewater State Hospital until further order of the court. On November 20, 1968, the medical director reported that he was competent to stand trial. It appears from a statement made to the court by counsel for the defendant, agreed to by the Commonwealth, that the warnings given to him on police interrogation did not include a statement that counsel might be appointed for him if he were indigent. Our review of the pertinent decisions on this question, *Miranda* v. *Arizona*, 384 U. S. 436, *Commonwealth* v. *Wilbur*, 353 Mass. 376, and *Commonwealth* v. *Mele, ante,* 225, indicates to us, particularly where the trial of this case was not commenced before the *Miranda* decision, that the answer to the question contained in the report is "No." Compare *Johnson* v. *New Jersey*, 384 U. S. 719. Further proceedings will be conducted in the light of that answer.

*So ordered.*

*Terence M. Troyer*, Legal Assistant to the District Attorney, for the Commonwealth.

*Alfred E. Nugent* for the defendant.

ERNEST G. KELIHER *vs.* C. HALE CHAMPION. March 1, 1971. The defendant's demurrer to the plaintiff's declaration was sustained, "with leave to the plaintiff to file a motion . . . to amend writ and declaration together with a copy of the proposed amendment." Such motion was filed with a copy of a proposed amendment of the writ and declaration, and was denied after hearing. The plaintiff's exception to this denial presents the sole question for decision. The motion was addressed to the discretion of the trial judge, and its denial, in the absence of findings, rulings, or requests for rulings (as was the case here) presents no question of law. *Means* v. *Leveroni*, 297 Mass. 61, 64. *Urban* v. *Central Mass. Elec. Co.* 301 Mass. 519, 524. *Peterson* v. *Cadogan*, 313 Mass. 133, 134. *Durante* v. *Mezzetti*, 332 Mass. 758.

*Exceptions overruled.*

*Maurice H. Kramer* for the plaintiff.

*Arthur G. Coffey* for the defendant.