MARY ANN HANLON *vs.* AMERICAN EMPLOYERS INSURANCE COMPANY. October 10, 1973. The error alleged in the plaintiff's first bill of exceptions, which we assume without deciding is properly before us, was the trial judge's allowance of the defendant's motion for leave to mark its demurrer for hearing late, that motion having been filed more than a year after the filing of the demurrer. The defendant had within six months after filing its demurrer marked it for hearing in accordance with Rule 33 of the Superior Court. Under that rule and under Rule 2 of the Superior Court, the trial judge had the power to grant the motion. The error alleged in her other bill was the trial judge's denial of her motion for leave to file an amended declaration after the defendant's demurrer had been sustained. The motion was addressed to the discretion of the trial judge, and its denial, in the absence of findings, rulings, or requests for ruling (as in the present case) presents no question of law.[1] *Keliher* v. *Champion,* 358 Mass. 821 (1971). For the same reason the plaintiff's appeal from that order is not properly before us. See *Loranger Constr. Corp.* v. *E. F. Hauserman Co., ante,* 801 (1973), and cases cited therein.

*Exceptions overruled.*
*Appeal dismissed.*

*James W. Kirk* for the plaintiff.
*Jerome M. Leonard* for the defendant.

---

[1] The plaintiff also filed a motion in this court for leave to amend her declaration by adding four counts against a new party defendant. The proffered amendments are materially different from those presented to the trial judge, and, so far as the record discloses, were never presented to him. We are not prepared to grant such a motion under these circumstances. The motion is denied.