ANTHONY L. BRUNO *vs.* AUGUSTUS J. SEYMOURE. November 15, 1973. This is an action of tort for property damage resulting from the collision of the plaintiff's motor vehicle with that of the defendant. The parties reside in this Commonwealth; the accident occurred here; and both vehicles were insured under the provisions of G. L. c. 90, § 34O, introduced by St. 1971, c. 978, § 1 (effective January 1, 1972) as amended by St. 1971, c. 1079, §§ 2 and 3. Under the statute each insured owner is exempt from tort liability for damage to the other's vehicle. The trial court sustained the defendant's "plea in abatement" based upon this statutory exemption. The case is here by way of an appeal from that ruling (G. L. c. 231, § 96) having been transferred to us under the provisions of G. L. c. 211A, § 12. Although the defendant's pleading is inaccurately described as a "plea in abatement" (*White* v. *E. T. Slattery Co.* 236 Mass. 28, 30-31 [1920]), we treat it according to its substance as an answer. *Hacker* v. *Beck,* 325 Mass. 594, 595-596 (1950). The plaintiff now seeks to challenge the constitutionality of the statute. He claims that its exemption of the defendant from property damage liability abridges the right to trial by jury under the Constitution of this Commonwealth and that of the United States as well as the right to due process under the Fourteenth Amendment. We assume without deciding that this issue may be open upon appeal (cf. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167 [1938]; *Lee* v. *Allied Sports Associates, Inc.* 349 Mass. 544, 552 [1965]; *Commonwealth* v. *Proctor,* 355 Mass. 504, 506 [1969]) although the record does not reveal that it was raised at the trial level. However, we decline to pass upon it for another reason. The plaintiff's "argument" in his brief contains no more than a recitation of the constitutional provisions and an oblique reference to an Illinois "no fault" plan "relating to personal injuries." It falls short of anything that can properly be called argument. *Lolos* v. *Berlin,* 338 Mass. 10, 14 (1958). See S.J.C. Rule 1:13 (351 Mass. 738) and Rule 1:13 of the Appeals Court (1972). The plaintiff's brief fails to satisfy the duty implicit in the rules "to assist the court with argument and appropriate citation of authority." *Lolos* v. *Berlin, supra,* at 14.

*Order for judgment for the defendant
affirmed.*

*Anthony L. Bruno,* pro se.

*Holland W. Hazen* for the defendant.