**Marion L. WARD et al., Plaintiffs,**

v.

**HERCULES, INC., Defendant.**

**Civ. A. No. 74–5216–S.**

United States District Court,
D. Massachusetts.

April 28, 1977.
Supplemental Order July 22, 1977.

Edward M. Swartz, Boston, Mass., for plaintiffs.

Robert D. Canty, Gaston Snow and Ely Bartlett, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

This is a products liability-tort suit for the wrongful death and conscious pain and suffering of Harold Snell, the father of the plaintiff-executrices. In their original complaint, filed on November 14, 1974, the plaintiffs alleged that Mr. Snell's death resulted from a fire in his home on November 21, 1972, and that the death was proximately caused by a defective carpet manufactured by Mohasco Corp. On May 5, 1975, the plaintiffs moved to amend their complaint by adding Hercules, Inc., as a defendant, alleging that Hercules had manufactured the carpet or its fibers. The complaint against Mohasco has since been dismissed on the stipulation of the parties.

The plaintiffs' motion to amend was opposed on the ground that an action against Hercules was barred by the two-year Massachusetts statute of limitations. M.G.L. c. 260, § 2A. After the motion was improper-

ly allowed by the Magistrate on March 25, 1976, see Local Magistrate Rule 6(A)(4), Hercules moved to dismiss, claiming that the amendment did not relate back to the date of the original complaint under either federal or state practice. A hearing was held on April 14, 1977.

The substantive aspects of this tort suit are governed by Massachusetts law. The rule in the First Circuit is that, consistently with *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), relation back of amendments is controlled by the Massachusetts rule rather than Fed.R.Civ.P. 15(c) when the claim arises under Massachusetts law. *Marshall v. Mulrenin,* 508 F.2d 39, 44–45 (1st Cir. 1974). *But see, e.g., Welch v. Louisiana Power & Light Co.,* 466 F.2d 1344, 1345–46 (5th Cir. 1972) (per curiam); *Loudenslager v. Teeple,* 466 F.2d 249, 250 (3d Cir. 1972); 3 J. Moore, Federal Practice ¶ 15.15[2] (3d ed. 1974). Although *Mulrenin* involved the application of M.G.L. c. 231, § 51, the Court of Appeals noted in dictum that the current Massachusetts rule, Mass.R.Civ.P. 15(c), incorporates the content of section 51. 508 F.2d at 41 n. 1.

The Massachusetts rule is considerably more liberal than Federal Rule 15(c). The *Mulrenin* opinion offered the following statement:

> We believe this to be the clear meaning of section 51: an action is commenced within the meaning of the Massachusetts statute of limitations although the wrong defendant is named, so long as it appeared that the correct defendant had been the one intended.

508 F.2d at 44. Insofar as this construction implies that the test is one of "mistaken identity," the state court decisions indicate that the Massachusetts practice is even more liberal. An amendment may, as a matter of law, relate back to the date of the original complaint so long as in both pleadings "[t]he cause of action for which the suit was brought was the injury, and the plaintiff intended to bring it against the party liable for the injury." *McLaughlin v. West End St. Ry.,* 186 Mass. 150, 71 N.E. 317 (1904); *accord, Wadsworth v. Boston Gas Co.,* 352 Mass. 86, 89, 223 N.E.2d 807 (1967).

Although Massachusetts practice permits relation back in most circumstances, the decision by the trial court "rests in sound judicial discretion." *Genga v. Director Gen. of Railroads,* 243 Mass. 101, 104, 137 N.E. 637 (1922); *accord, Peterson v. Cadogan,* 313 Mass. 133, 134, 46 N.E.2d 517 (1943). One factor that has been considered, although not required by the Massachusetts rule, is that "[t]he defendants had full knowledge of litigation about the accident during the statutory period." *Walsh v. Curcio,* 358 Mass. 819, 266 N.E.2d 895, 896 (1971) (rescript). Accordingly, the court in this district has, as a matter of discretion, considered the circumstances of the plaintiff's mistake as well as the policies underlying Fed.R.Civ.P. 15(c) in applying the Massachusetts rule of relation back. *See Burns v. Turner Constr. Co.,* 265 F.Supp. 768, 770 (D. Mass. 1967); *Nayer v. Robertshaw-Fulton Controls Co.,* 195 F.Supp. 704, 706–08 (D. Mass. 1961).

The present record is insufficient for the proper exercise of discretion on this issue. A further hearing will be held, therefore, on the motion to amend the complaint, and both parties will have the opportunity to offer evidence relevant to the relation back issue. *See Nayer v. Robertshaw-Fulton Controls Co.,* 195 F.Supp. at 707. Several suggested areas of inquiry include: when the plaintiffs first learned or should have learned of the facts underlying their claim against Hercules; whether the decision to sue Mohasco originally rather than Hercules was based on a mistake and, if so, of what sort; whether the plaintiffs were guilty of laches, *see Marshall v. Mulrenin,* 508 F.2d at 41; notice that Hercules received from whatever sources of the fire, its potential liability, or the claim against it prior to the running of the limitations period; and whether Hercules would be prejudiced by relation back in maintaining its defense other than by its loss of the limitations defense.

Disposition of the plaintiffs' motion to amend their complaint is reserved. The parties shall make arrangements with the Clerk for the scheduling of an evidentiary hearing as soon as the docket permits.

So ordered.

## SUPPLEMENTAL MEMORANDUM AND ORDER

SKINNER, District Judge.

Since the entry of the Memorandum and Order on the plaintiffs' motion to add a new defendant, dated April 28, 1977, the parties have introduced documentary evidence on some of the factual issues referred to in the Memorandum. A hearing was held on July 18.

■ Apparently, the defendant had no notice of the fire or its potential liability prior to the plaintiffs' motion to amend their complaint. After the running of the limitations period, Mohasco's manager of fiber development asked Hercules "sales people" to verify from their records whether Mohasco had purchased a certain color fiber. This communication did not serve, however, to put Hercules on notice of a potential claim against it.

As early as March 1973, when the plaintiffs retained counsel, they received an indication from a local retailer that the carpet involved in the fire was manufactured of "Herculon" fiber, a product manufactured by Hercules. The retailer was the source as well of the information underlying the plaintiffs' suit against Mohasco. Indeed, in their original complaint, the plaintiffs alleged that the carpet was made of Herculon fiber. The plaintiffs' decision not to sue Hercules originally, therefore, was not based on a "mistaken identity."

The defendant's argument that it would be prejudiced by relation back in maintaining its defense is not overwhelming. Hercules states that by the time it received notice, it could no longer have conducted an autopsy of the decedent or an investigation of the fire. The defendant concedes that these measures were no more available immediately prior to the running of the statute of limitations. Allowing the motion to amend, therefore, would not prejudice Hercules as severely as it would have in *Nayer v. Robertshaw-Fulton Controls Co.*, 195 F.Supp. 704, 707 (D. Mass. 1961).

The defendant's handicap in conducting its defense, however, coupled with what appears to be no more than a delayed tactical decision by plaintiffs, is sufficient to tip the balance of discretion against permitting the proposed amendment to relate back to the filing of the original complaint. The order of the Magistrate allowing the motion to amend is VACATED as not within his authority, and the motion is DENIED.