BARBARA F. POTTS & another *vs.* TRANSAMERICA INSURANCE GROUP. January 26, 1978. This action was brought on behalf of two minor children by their mother for a determination of rights and liabilities under an automobile insurance policy issued by Transamerica Insurance Group to the children's father, who was a resident of and was insured and died in Connecticut. The children claim they are entitled to dependent survivorship benefits under the policy as a result of the death of their father in an automobile accident. Connecticut General Statutes, tit. 38, c. 690, §§ 319-351a ("No Fault Motor Vehicle Insurance"), provide for basic reparations benefits payable in the event of the insured's death, for the benefit of dependent survivors. The coverage required by this law is deemed to be part of the insurance policy by statute. See § 38-328. The term "dependent survivors" (other than spouses) is defined in the policy in accordance with the statute as limited to "persons receiving support from the deceased at the time of his death which would qualify them as dependents of the deceased for federal income tax purposes under the Internal Revenue Code." The Superior Court judge ruled that the children did not fall within that definition and ordered judgment for the defendant insurance company. The plaintiffs appeal. 1. Section 152(a) of the Internal Revenue Code (Code), as amended Oct. 27, 1972, Pub. L. No. 92-580, § 1(a), 86 Stat. 1276, defines "dependent" for tax purposes as certain persons over half of whose support is received from the taypayer claiming the dependent. At the time of the insured's death he and the plaintiffs' mother were divorced and the children were living with their mother. The father was under a court order to pay support, and both the amount of the order and the amount actually paid were less than half the cost of support for the children. He thus could not claim them as dependents under § 152(a) or under § 152(c) (multiple support agreements) or under § 152(e) ($1,200 or more contribution required) of the Code. Therefore, the children do not qualify under the statute as dependent survivors. 2. We express no opinion on the question of the constitutionality of this statutory provision, as the record does not indicate that these contentions were raised before the trial judge. See and compare *Bruno* v. *Seymoure*, 1 Mass. App. Ct. 857 (1973). The judgment is to be modified so as to contain a declaration that the plaintiffs are not dependent survivors within the meaning of the policy and, as so modified, is affirmed.

*So ordered.*

BROWN, J. (concurring). I concur, albeit reluctantly. The term "dependent survivors" as defined by the policy not only discriminates against persons receiving public assistance and those persons who have reprobates as spouses, but, in this circumstance, makes no sense at all. It seems only rational to me that the term should be defined to include those persons whom the deceased has a duty to support.

*Donald J. Fleming* for the plaintiffs.
*William H. Clancy* for the defendant.